UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK, Plaintiff, | : | |
| v. | : | C.A. No. 06-335T |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS INTERNATIONAL, INC., Defendants. | : | |

**ANSWER OF DEFENDANT JEAN PAUL RICHARD**

Defendant Jean Paul Richard ("Richard") hereby responds to the correspondingly numbered allegations of Plaintiff Gero Meyersiek's ("Plaintiff") Complaint as follows:

**Parties and Jurisdiction**

1. Upon information and belief, Richard admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Richard admits that he is a citizen and resident of the State of Georgia. The remaining allegations in Paragraph 2 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

3. The allegations in Paragraph 3 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

4. The allegations in Paragraph 4 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

5. The allegations in Paragraph 5 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

**Facts**

6. Upon information and belief, Richard admits that Defendant Frontenac Company ("Frontenac") is in the private equity business and engages in the accumulation of private equity funds from investors. Richard denies that H-E Parts is a subsidiary of Frontenac. Richard is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Plaintiff's Complaint and leaves Plaintiff to his proof thereon.

7. Richard is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and leaves Plaintiff to his proof thereon.

8. Richard admits the allegations contained in the first sentence of Paragraph 8 of the Plaintiff's Complaint. Richard admits that he has done business with Frontenac and served as CEO in one or more businesses in which Frontenac has invested funds. Richard denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. Richard admits that in 2003 he was an executive of a business entity in Atlanta, Georgia in which Frontenac was the majority shareholder, and further avers that said business entity had no connection or relationship to Meyersiek or the proposed Parts-

Zone venture. Richard further admits that he discussed with Plaintiff a proposed business plan for Parts-Zone, which would include contacting major original equipment manufacturers and attempt to convince them to sell slow-moving parts with the intent to resell them and provide better service. Richard further avers that in his discussions with Meyersiek concerning Parts Zone, he was acting only as an advisor rather than as an agent or representative of Frontenac. Richard admits that Parts-Zone was seeking to become a distributor of replacement parts for equipment that was typically no longer in production by its original manufacturer. Richard admits that as part of this endeavor, he and Plaintiff contemplated obtaining funding from Frontenac. Richard denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10. Richard admits that he and Plaintiff had discussions during 2003 regarding a proposed Parts-Zone venture. Richard further admits that he communicated on a few occasions with Plaintiff by electronic mail, telephone, and regular mail, and that he met with Plaintiff in Atlanta, Georgia, on one occasion regarding Parts-Zone. Richard is without knowledge of information sufficient to form a belief as to the remaining allegations in Paragraph 10 of Plaintiff's Complaint and leaves Plaintiff to his proof thereon.

11. Richard admits that a deal was never consummated with respect to Parts-Zone and that Richard indicated to Meyersiek that he and Meyersiek should stay in touch. Richard denies the remaining allegations asserted in Paragraph 11 of Plaintiff's Complaint.

12. Richard admits that in December 2004 he contacted Plaintiff at his office in Rhode Island. Richard further admits that he informed Plaintiff that the business in which he was Chief Executive Officer was in the process of being sold. Richard admits that he

told Meyersiek that he (Richard) was interested in possibly pursuing a new venture in the parts business. Richard denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Richard admits that he discussed with Meyersiek in early 2005 the development of a venture that had a very different business model than Parts-Zone. Richard avers that the new business venture was a concept originated by Richard in his individual capacity. Richard denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14. Richard admits that Plaintiff performed various administrative tasks with respect to the identification of potential businesses that Richard may have been interested in acquiring, including the compilation of a list of potential targets, and industry research on Dun and Bradstreet database. Richard denies the remaining allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Richard admits that he discussed the formation of a new business entity with Plaintiff and that Richard stated that he (Richard) would form the new business entity and seek financing from Frontenac or from another private equity company. Richard denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Richard denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Richard denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Richard denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Richard denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Richard admits that he communicated with Plaintiff by electronic mail and telephone calls to and from Plaintiff in Rhode Island. Richard denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Richard denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Richard denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Richard admits that Meyersiek assisted in the preparation of certain documents in connection with Richard's efforts to identify potential business opportunities and denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Richard admits that Meyersiek performed certain administrative tasks in connection with research into an entity known as Dom-Ex and denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Richard admits that Plaintiff typed a non-disclosure agreement for Dom-Ex, but denies that he prepared or drafted said non-disclosure agreement and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Richard admits that he signed a letter of intent concerning Dom-Ex and that said letter of intent was executed without the inclusion of Plaintiff. Richard further avers that Meyersiek was not involved in the negotiations with Dom-Ex and denies the remaining allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Richard admits that he and Frontenac participated in an acquisition of Dom-Ex and formation of H-E Parts in February, 2006. Richard denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Richard denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Richard admits that Plaintiff was not provided employment or a four percent share in H-E Parts. Richard denies that any contract ever existed between Plaintiff and Richard or Frontenac with regard to Meyersiek and denies the remaining allegations in Paragraph 29 of the Complaint.

**COUNT I**

30. Richard restates its responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein.

31. Richard denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Richard denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**COUNT II**

33. Richard restates its responses to Paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34. Richard denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Richard denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Richard denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The claims in Plaintiff's Complaint are barred in whole or in part by the doctrines of waiver and estoppel and should be dismissed in their entirety.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in whole or in part by the statute of limitations and laches and should be dismissed in their entirety.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail on account of the failure to satisfy one or more conditions precedent to the existence of a valid and binding agreement.

WHEREFORE, Defendant Jean Paul Richard requests that this Court dismiss the claims in Plaintiff Gero Meyersiek's Complaint with prejudice.

JEAN PAUL RICHARD

By his Attorneys,

/s/ Stephen M. Prignano

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 15th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903
dan@prentisslaw.com

/s/ Stephen M. Prignano
Stephen M. Prignano