UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK, Plaintiff, | : | |
| v. | : | C.A. No. 06-335T |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS INTERNATIONAL, INC., Defendants. | : | |

**ANSWER OF DEFENDANT H-E PARTS INTERNATIONAL, INC.**

Defendant H-E Parts International, Inc. ("H-E Parts") hereby responds to the correspondingly numbered allegations of the Plaintiff Gero Meyersiek's ("Plaintiff") Complaint as follows:

**Parties and Jurisdiction**

1. Upon information and belief, H-E Parts admits the truth of the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. H-E Parts admits that Richard is a citizen and resident of the State of Georgia. The remaining allegations in Paragraph 2 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent any response is deemed required, said allegations are denied.

3. The allegations in Paragraph 3 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent any response is deemed required, said allegations are denied.

4. The allegations in Paragraph 4 of Plaintiff's Complaint call for a legal conclusion to which no responsive pleading is required. To the extent any response is deemed required, said allegations are denied.

5. The allegations in Paragraph 5 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent any response is deemed required, said allegations are denied.

**Facts**

6. Upon information and belief, H-E Parts admits that Defendant Frontenac Company ("Frontenac") is in the private equity business and engages in the accumulation of private equity funds from investors. H-E Parts denies that it is a subsidiary of Frontenac. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Plaintiff's Complaint and leaves Plaintiff to his proof thereon.

7. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Plaintiff's Complaint and leaves Plaintiff to his proof thereon.

8. H-E Parts admits the allegations contained in the first sentence of Paragraph 8 of the Plaintiff's Complaint. H-E Parts admits that Richard has done business with Frontenac and that Richard has served as Chief Executive Officer in one or more businesses in which Frontenac has invested funds. H-E Parts denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

9. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. H-E Parts denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. H-E Parts denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. H-E Parts denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. H-E Parts denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. H-E Parts admits that Richard communicated with Plaintiff by electronic mail and telephone calls to and from Plaintiff in Rhode Island. H-E Parts denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. H-E Parts denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. H-E Parts denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. H-E Parts admits that Plaintiff assisted in the preparation of certain documents in connection with Richard's efforts to identify potential business opportunities and denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. H-E Parts admits that Plaintiff performed certain administrative tasks in connection with research into an entity known as Dom-Ex and denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. H-E Parts admits that Plaintiff typed a non-disclosure agreement for Dom-Ex, but denies that he prepared or drafted said non-disclosure agreement and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. H-E Parts admits that Richard signed a letter of intent concerning Dom-Ex and that said letter of intent was executed without the inclusion of Plaintiff. H-E Parts further avers that Plaintiff was not involved in the negotiations with Dom-Ex and denies the remaining allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. H-E Parts admits that Richard and Frontenac participated in an acquisition of Dom-Ex and formation of H-E Parts in February, 2006. H-E Parts denies the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. H-E Parts denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. H-E Parts admits that Plaintiff was not provided employment or a four percent share in H-E Parts. H-E Parts denies that any contract ever existed between Plaintiff and Richard or Frontenac with regard to Plaintiff and denies the remaining allegations in Paragraph 29 of the Complaint.

**COUNT I**

30. H-E Parts restates its responses to Paragraphs 1 through 29 of Plaintiff's Complaint as if fully set forth herein.

31. H-E Parts denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. H-E Parts denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**COUNT II**

33. H-E Parts restates its responses to Paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34. H-E Parts denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. H-E Parts denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. H-E Parts denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The claims in Plaintiff's Complaint are barred in whole or in part by the doctrines of waiver and estoppel and should be dismissed in their entirety.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred in whole or in part by the statute of limitations and laches and should be dismissed in their entirety.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail on account of the failure to satisfy one or more conditions precedent to the existence of a valid and binding agreement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of privity of contract between Plaintiff and H-E Parts.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of an agency relationship between Richard and H-E Parts with respect to the alleged formation of an agreement to provide Meyersiek with employment with, and an ownership interest in, H-E Parts.

WHEREFORE, Defendant H-E Parts International, Inc. requests that this Court dismiss the claims in Plaintiff Gero Meyersiek's Complaint with prejudice.

H-E PARTS INTERNATIONAL, INC.

By its Attorneys,

/s/ Stephen M. Prignano
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 15th day of September, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Financial Plaza, Suite 1800
Providence, RI 02903
dan@prentisslaw.com

/s/ Stephen M. Prignano
Stephen M. Prignano