# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS INTERNATIONAL, INC.<br><br>Defendants. | ) | C.A. No. 06-335-T |

**AFFIDAVIT OF PAUL CARBERY**

I, Paul Carbery, hereby declare and state as follows:

1. I am a Managing Director of Defendant Frontenac Company ("Frontenac"). I make this affidavit at the request of counsel in connection with Frontenac's Motion to Dismiss. Unless otherwise indicated, I have personal knowledge of the matters set forth herein and would be competent to testify thereto.

2. Frontenac is a private equity investment company organized under the laws of Illinois, having its principal place of business at 135 LaSalle Street, Suite 3800, Chicago, Illinois 60603.

3. As with other private equity investment companies, Frontenac often invests in companies by working with independent business executives to acquire and build small or mid-size companies into larger market leaders by acting as a funding source.

4. Frontenac has never been registered, licensed or qualified to do business in the State of Rhode Island.

5. Frontenac does not transact business in the State of Rhode Island.

6. Frontenac does not own, nor has it ever owned, real estate or any other tangible or intangible property in Rhode Island.

7. Frontenac does not have, nor has it ever had, bank accounts in Rhode Island.

8. Frontenac pays no taxes to the State of Rhode Island.

9. In early 2005, Jean Paul Richard ("Richard") contacted Frontenac regarding a possible investment in a new venture, which would be known as H-E Parts International, Inc. ("H-E Parts"). Richard indicated that he sought funding from Frontenac to support the venture, which would focus on the creation of a company that would seek to acquire and sell after-market parts for construction and mining machinery.

10. In this regard, Frontenac provided Meyersiek with access to certain database materials at Richard's request to assist Richard in his investigation of potential business acquisitions for the proposed venture. Frontenac, however, never sought or requested any assistance from Meyersiek in Rhode Island regarding the venture.

11. The investigation and development phase of H-E Parts was entirely Richard's undertaking and responsibility. Prior to funding the H-E Parts venture, Frontenac did not direct or exercise control over Richard in any way.

12. In August 2005, following a presentation by Richard (then accompanied by Meyersiek) of the H-E Parts business concept to a group of Frontenac directors in Chicago, Frontenac indicated to Richard that it was interested in the business plan for H-E Parts. Frontenac indicated to Richard, however, that it objected to Meyersiek's participation because it did not feel that Meyersiek would significantly add to the success of the venture.

13. Frontenac never entered into any discussions or communications with Meyersiek regarding his alleged participation in the H-E Parts venture, nor did Frontenac enter into any

discussions or communications with Meyersiek regarding the alleged terms of his participation in the venture. Frontenac never attended any meetings in Rhode Island regarding the H-E Parts venture. At no time did Frontenac discuss with Meyersiek any equity interest in, or employment with, H-E Parts.

14. At no time did Frontenac appoint Richard to act as its agent or represent its interests in any way with respect to Richard's work in forming the H-E Parts venture, or with respect to any dealings with Meyersiek. Richard was never obligated to obtain funding from Frontenac, and could have sought funding from a different private equity firm at any time. Similarly, during the investigation and preparation period for H-E Parts, Frontenac was never obligated to fund the H-E Parts venture.

15. Frontenac never held Richard out to the public as an agent of Frontenac with respect to the formation of the H-E Parts venture or with respect to any dealings with Meyersiek.

I declare under the penalty of perjury that the foregoing is true and correct, this 13th day of September, 2006.

Paul D. Carbery
Paul Carbery

STATE OF ILLINOIS )
COUNTY OF COOK )

Subscribed to and sworn to before me this 13th day of September, 2006.

Alexandra S. Goodrich
Notary Public

Official Seal
Alexandra S Goodrich
Notary Public State of Illinois
My Commission Expires 04/05/2010