# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK,<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD,<br>FRONTENAC COMPANY and<br>H-E PARTS INTERNATIONAL, INC.,<br><br>Defendants. | : | C.A. No. 06-335-T |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRONTENAC COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDICTION**

Defendant Frontenac Company ("Frontenac") submits this supplemental memorandum of law in support of its motion to dismiss Plaintiff Gero Meyersiek's ("Meyersiek") Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

In its motion to dismiss, Frontenac, a Chicago, Illinois-based venture capital firm, argues that Meyersiek's claims against it should be dismissed because: (1) Frontenac's funding of the H-E Parts International, Inc. venture, a Georgia-based company, does not sufficiently evince Frontenac's voluntary, purposeful availment of the laws of the State of Rhode Island; and (2) co-defendant Jean Paul Richard's ("Richard") contacts with the State of Rhode Island may not be attributed to Frontenac because there was no agency or other relationship between Richard and Frontenac.

Following Frontenac's filing of its motion to dismiss on September 15, 2006, Meyersiek sought and obtained leave to conduct jurisdictional discovery regarding the

issue of whether Richard's contacts with the State of Rhode Island may be attributed to Frontenac for purposes of a personal jurisdiction analysis.

Meyersiek has conducted the depositions of Laura Pearl ("Pearl") and David Katz ("Katz"), the venture capitalists who interacted with Richard relating to the funding of H-E Parts. The recent deposition testimony of Katz and Pearl further supports the lack of any agency relationship between Richard and Frontenac. Both Katz and Pearl testified that when they interacted with Richard relating to the H-E Parts venture, they were not acting on behalf of Frontenac. Instead, Katz and Pearl were working for a separate entity named Frontenac Company VIII, LLC. Katz testified as follows:

> Q: When you sign as a managing director here, do you know of which entity you were signing as a managing director? There are three entities that are listed above your signature.
>
> A: I believe I was signing as a managing director of Frontenac Company VIII, LLC, which is the general partner of Frontenac VIII Partners, Limited Partnership, which is the general partner of Frontenac VIII Limited Partnership.
>
> Q: And is it your belief that that is the capacity in which you interacted with J.P. [Richard] throughout the development of this H-E Parts enterprise?
>
> A: I believe that was the capacity in which I interacted with J.P. in all of my interactions with him up to and until and for some period of time after July 11th of 2005.

(Deposition of David Katz at 67: 6 – 24 – 68:1).

Similarly, Pearl testified that she was not working on behalf of Frontenac during her interactions with Richard relating to the H-E Parts venture:



PRV_860826_1/RRIPPLE

Q: And that is the entity, Frontenac Company VIII, LLC, which was really the Frontenac entity that had an interest in the ultimate development of this business?

A: Correct.

(Deposition of Laura Pearl at 15: 8 – 12).

Moreover, Pearl further testified that Frontenac is an entity that exists solely for administrative purposes, and is not an entity that engages in investing activities. (Id. at 14: 18 – 20). Accordingly, at the time that Richard was interacting with Katz and Pearl regarding the H-E Parts venture, they were not even working for, or on behalf of, Frontenac. Plaintiff therefore cannot rely on an imputed contacts analysis to establish personal jurisdiction over Frontenac because Richard was not interacting with Frontenac employees with respect to the H-E Parts venture.

**CONCLUSION**

For the foregoing reasons, and those reasons set forth in its principal memorandum of law, Frontenac's motion to dismiss for lack of personal jurisdiction should be granted.

FRONTENAC COMPANY

By its Attorneys,

/s/ Stephen M. Prignano
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 26th day of January, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903
dan@prentisslaw.com

/s/ Stephen M. Prignano
Stephen M. Prignano