UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK, Plaintiff, | : | |
| v. | : | C.A. No. 06-335-T |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS INTERNATIONAL, INC., Defendants. | : | |

**FRONTENAC COMPANY VIII, LLC'S, FRONTENAC VIII PARTNERS, L.P.'S, AND FRONTENAC VIII LIMITED PARTNERSHIP'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Frontenac Company VIII, LLC, Frontenac VIII Partners, L.P., and Frontenac VIII Limited Partnership (collectively, the "Frontenac Entities") hereby oppose the Motion to Amend the Complaint filed by Plaintiff Gero Meyersiek ("Plaintiff"). The Frontenac Entities object to Plaintiff's motion on the grounds of futility. As will be shown below, this Court does not have personal jurisdiction over the Frontenac Entities, and therefore the requested amendment would be futile.[1]

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges generally in his Complaint and proposed Amended Complaint that Frontenac Company ("Frontenac"), the Frontenac Entities, Defendant Jean Paul Richard ("Richard"), and H-E Parts International, LLC ("H-E Parts") entered into a contractual relationship, whereby Plaintiff agreed to assist Richard with the identification of potential

[1] With the exception of adding the unjust enrichment claim and naming the Frontenac Entities as defendants, the proposed Amended Complaint is materially identical to the Complaint. Therefore, in support of their Opposition, the Frontenac Entities incorporate and rely on the factual background and legal authority, as well as the September 13, 2006 Affidavits of Paul Carbery ("Carbery Aff.") and J.P. Richard ("Richard Aff."), set forth in Frontenac Company's Memorandum of Law in Support of its Motion to Dismiss.

target businesses for acquisition by a new business entity. (Amended Complaint ("Amended Compl.") at ¶ 19.) The new business entity, H-E Parts, would be funded by a private equity investment by a venture capital firm. (Amended Compl. at ¶¶ 21.) The Amended Complaint alleges that the private equity investment was ultimately provided by Frontenac. (Id. at ¶¶ 33.) In exchange for his services, Plaintiff alleges that he was promised a four percent equity interest in H-E Parts. (Amended Compl. at ¶ 24.) In addition, Plaintiff alleges that Richard and Frontenac promised that, upon the execution of a letter of intent for acquisition of an equity interest in a target business, Plaintiff would become a paid officer of H-E Parts. (Id.)

On September 15, 2006, Frontenac moved for an order dismissing the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Frontenac argued that the assertion of personal jurisdiction over it would not be proper because (1) Frontenac's funding of the H-E Parts venture does not sufficiently evince Frontenac's voluntary, purposeful availment of the laws of the State of Rhode Island so that it might reasonably have anticipated being haled into a Rhode Island court with respect to the Plaintiff's claims; and (2) Richard's contacts with the State of Rhode Island may not be attributed to Frontenac for purposes of a personal jurisdiction analysis under the facts of this case.

Following Frontenac's filing of its motion to dismiss, Meyersiek sought and obtained leave to conduct jurisdictional discovery regarding the issue of whether Richard's contacts with the State of Rhode Island may be attributed in some way to Frontenac for purposes of a personal jurisdiction analysis. Plaintiff now alleges that, during

jurisdictional discovery, he has determined that the Frontenac Entities should also be named as defendants in this action.

## ARGUMENT

### A. The Court May Deny An Amendment Under Rule 15 on Futility Grounds.

Rule 15(a) of the Federal Rules of Civil Procedure permits the court to grant a party leave to amend a pleading when "justice so requires." Fed. R. Civ. P. 15(a). It is considered inappropriate, however, to grant leave to amend:

> [W]here there is undue delay , bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or the futility of the amendment.

Nichols v. Granquist, C.A. No. 92-8289, 1993 WL 513943, at *1 (N.D. Ill. Dec. 9, 1993) (quoting Villa v. City of Chicago, 924 F.2d 629, 632 (7th Cir. 1991)) (emphasis added); see Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001). Courts have held that an amendment would be "futile" if it would be unable to withstand a motion to dismiss. See Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998) ("Rule 15 permits the trial court to deny leave to file an amended complaint which would be subject to immediate dismissal under Rule 12(b)(6) . . . ."); Fraoli v. Lemcke, 328 F. Supp. 2d 250, 278 (D.R.I. 2004) (denying motion to amend complaint on grounds that proposed claims would fail to survive a Rule 12(b)(6) motion); Nichols, 1993 WL 513943 at *2 (denying motion to amend where proposed amendment could not withstand a motion to dismiss for lack of personal jurisdiction).

In In re Astropower Liquidating Trust, Bkrtcy No. 04-10322, 2006 WL 2850010 (Bkrtcy. D. Del. Oct. 2, 2006), as part of an adversary proceeding governed by the Federal



PRV_861545_2

Rules of Civil Procedure, Merrill Lynch Asset Management ("MLAM") and Merrill Lynch Investment Managers Limited ("MLIM") moved to dismiss the amended complaint of Astropower Liquidating Trust for lack of personal jurisdiction. Id. at *1. The adversary proceeding involved the alleged fraudulent conveyance of certain Xantrex stock, of which MLAM and MLIM allegedly were third-party purchasers.

In support of their motion, MLAM and MLIM argued that they had insufficient minimum contacts with the forum to be subject to personal jurisdiction in the adversary proceeding pending in the bankruptcy court. MLAM and MLIM further represented that they were not the actual purchasers of the stock, but instead two other Merrill Lynch entities, Merrill Lynch New Energy Technology ("ML Net") and Merrill Lynch International Investment Funds New Energy Fund ("MLIIF New Energy"), were the actual purchasers of the Xantrex stock. Id. at *1 n.2. The Astropower court granted MLAM's and MLIM's motion to dismiss for lack of personal jurisdiction. The court further denied Astropower's motion to amend the complaint to add ML Net and MLIIF New Energy as parties, on the grounds that it failed to put forth evidence that ML Net and MLIIF New Energy had any contacts with the forum. The court held "none of the Merrill Lynch entities solicited the Debtor for the purchase of the Xantrex stock; rather, it was they who were solicited by the Debtor (through Xantrex). . . . . Therefore, any amendment to name [ML Net and MLIIF New Energy] would be futile and will be denied." Id. at *9.

For the reasons set forth below, as in Astropower, Plaintiff's Motion to Amend should be denied because personal jurisdiction over the Frontenac Entities is lacking.

**B. <u>As With Frontenac Company, This Court Lacks Personal Jurisdiction Over the Frontenac Entities</u>.**

Plaintiff sought leave to add the Frontenac Entities as parties to this litigation following the depositions of two venture capitalists, David Katz ("Katz") and Laura Pearl ("Pearl"), who testified that any contact they had with Richard relating to the H-E Parts venture occurred while they were acting for an entity named Frontenac Company VIII, LLC. (Deposition of David Katz at 67: 6 – 24 – 68:1); (Deposition of Laura Pearl ("Pearl Dep.") at 15: 8 – 12). Pearl further testified that Frontenac is an entity that exists solely for administrative purposes, and is not an entity that engages in investing activities. (Pearl Dep. at 14: 18 – 20). Accordingly, Plaintiff apparently has concluded that the Frontenac Entities also must be joined as defendants in this litigation.

The arguments asserted by Frontenac Company in its motion to dismiss for lack of personal jurisdiction apply with equal force to the assertion of personal jurisdiction over the Frontenac Entities. In order to establish his burden of proving personal jurisdiction over the Frontenac Entities (and therefore that permitting amendment of the Complaint is not futile), the Plaintiff "must go beyond the pleadings and make affirmative proof" that the exercise of personal jurisdiction is warranted. <u>Boit v. Gar-Tec Prods., Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992). Plaintiff fails to satisfy this burden, and fails to allege any additional facts in the proposed Amended Complaint to support the exercise of personal jurisdiction over the Frontenac Entities. Accordingly, under the facts alleged in the proposed Amended Complaint, this Court lacks personal jurisdiction over the Frontenac Entities for the same reasons it lacks personal jurisdiction over Frontenac Company.

**1. General Jurisdiction Does Not Exist Over the Frontenac Entities.**

In considering minimum contacts for the purposes of analyzing a claim of general jurisdiction, "a court properly focuses on the relationship among the defendant, the forum, and the litigation." Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984); see Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).

As with Frontenac Company, the exercise of general personal jurisdiction over the Frontenac Entities would be incorrect in this case. The Frontenac Entities have no continuous or systematic contacts with the State of Rhode Island. (Supp. Carbery Aff. at ¶ 2.) (A copy of which is attached hereto as Exhibit A). Accordingly, this Court cannot exercise general jurisdiction over the Frontenac Entities.

**2. Specific Jurisdiction Does Not Exist Over the Frontenac Entities.**

To establish specific personal jurisdiction, the Plaintiff's claims against the Frontenac Entities must directly arise out of, or relate to, their activities in Rhode Island, which represent a purposeful availment of the benefits and protections of Rhode Island's laws. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

To support the exercise of specific personal jurisdiction, Plaintiff cites to virtually no factual allegations that indicate Frontenac Company VIII, LLC has sufficient minimum contacts with the State of Rhode Island with respect to the H-E Parts venture. Frontenac Company VIII, LLC never sought or requested any assistance from Plaintiff in Rhode Island regarding the H-E Parts venture. (Carbery Aff. ¶¶ 10 – 11; Supp. Carbery Aff. at ¶ 3). Accordingly, this Court lacks specific personal jurisdiction over Frontenac Company

VIII, LLC because there is no evidence that it ever "reached out" to Plaintiff in Rhode Island, or otherwise purposefully availed itself of Rhode Island's laws.

### C. Plaintiff Cannot Rely on Any Contacts That Richard May Have Had With Rhode Island in Order to Establish Personal Jurisdiction.

As the primary basis for his request to conduct jurisdictional discovery with respect to Frontenac Company, Plaintiff alleged that additional evidence was necessary to establish that Richard's contacts with the State of Rhode Island could be imputed to Frontenac. By way of his proposed Amended Complaint, Plaintiff attempts to establish an identical basis for the assertion of personal jurisdiction over the Frontenac Entities.

#### 1. Richard's Contacts With Rhode Island Cannot be Imputed to Frontenac Company VIII, LLC.

Plaintiff's attempt to establish personal jurisdiction over Frontenac Company VIII, LLC through an imputed contacts analysis misses the mark. During their depositions, both Katz and Pearl testified that, at the time they interacted with Richard regarding the H-E Parts venture, they were working for Frontenac Company VIII, LLC. (Katz Dep. at 67: 6 – 24 – 68:1); (Pearl Dep. at 15: 8 – 12). In order to impute contacts that Richard may have had with Rhode Island relating to the H-E Parts venture to Frontenac Company VIII, LLC, Plaintiff must provide sufficient evidence that Frontenac Company VIII, LLC and Richard were acting as joint venturers, or that Richard was somehow acting at the behest of Frontenac Company VIII, LLC. Daynard v. Ness. Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 57 (1st Cir. 2002). Not only does Plaintiff's Complaint fail to set forth any facts to support this argument, the depositions conducted during jurisdictional discovery substantiate precisely the opposite conclusion.

With respect to the venture that resulted in the formation of H-E Parts, Katz repeatedly testified that at all times Richard and Frontenac Company VIII, LLC were investigating the H-E Parts opportunity separately, on their own "paths." Richard was attempting to assemble a business model for H-E Parts that would be attractive to prospective venture capital firms, like Frontenac, while Frontenac was investigating the merits of the H-E Parts opportunity to make a funding decision:

> Q: Was J.P. Richard free to investigate
> [the H-E Parts] opportunity and present it to Frontenac as
> he deemed fit; it that fair?
>
> A: Yes, he was free to do that.
> He was free to go down other paths if he felt
> that was more appropriate.
>
> We communicated with one another, given
> our long history of working together and our
> sense of mutual trust, we communicated regularly
> while he worked on his path and while we worked
> on our path. But we did not control him or his
> actions or decisions in any way, shape, or
> form.

(Katz Dep. at 82: 18 – 83: 7) (A copy of this transcript is attached hereto as <u>Exhibit B</u>).

Accordingly, while the parties proceeded on their own "paths," Frontenac Company VIII, LLC never exercised control over Richard or his individual decisions that contributed to the formation of H-E Parts. Indeed, Katz testified that, as late as December 2005, Richard and Katz discussed the real possibility that Richard would seek venture capital funding from an entity other than Frontenac.

> Q: The ultimate decision as to an offer
> price, the terms of an acquisition of Dom-Ex,
> was that a decision in which J.P. and Frontenac
> had equal rights to control?
>
> A: No, I don't think it was equal or



PRV_861545_2

> unequal. I think J.P. had to come to the decision for himself on whether or not he wanted to try to close a deal with us [] with Frontenac as a financing partner or someone else as a financing partner.
>
> . . . .
>
> If he had decided yes and we had decided no, he likely would have gone out and tried to find another equity partner to help him finance this transaction.

(Id. at 77: 19 – 78: 4, 78: 11 - 14).

This testimony is further underscored by Paul Carbery, who attested in his Supplemental Affidavit that Richard was at no time acting on behalf of Frontenac Company VIII, LLC, or any of the other Frontenac Entities. (Supp. Carbery Aff. at ¶ 3.) Until the H-E Parts venture was funded, both Richard and Frontenac Company VIII, LLC were operating independently. Indeed, Richard testified that Frontenac Company VIII, LLC's interest in funding the H-E Parts venture was unresolved even as late as August 2005. Richard testified: "I mean, I was on my own knowing that the whole thing might just, you know, fall apart. My next step was to go find another private equity group if that didn't work." (Deposition Richard at 76: 7 – 10) (A copy this transcript is attached hereto as Exhibit C). Accordingly, the investigation and development phase of H-E Parts was entirely Richard's undertaking and responsibility, and that prior to the funding of H-E Parts, Frontenac Company VIII, LLC did not direct or exercise control over Richard in any way. (Richard Aff. at ¶ 11; Supp. Aff. Carbery at ¶ 3.)

### 2. There is no Basis to Impute Any Contacts to the Other Frontenac Entities For Purposes of a Personal Jurisdiction Analysis.

Plaintiff's attempt to impute Richard's contacts with Rhode Island to Frontenac VIII Partners, L.P. and Frontenac VIII Limited Partnership fails because there is no

evidence that Richard ever interacted with anyone acting on behalf of those entities. During their depositions, both Katz and Pearl specifically testified that they were acting on behalf of Frontenac Company VIII, LLC when they interacted with Richard relating to the H-E Parts venture. (Katz Dep. at 67: 6 – 24 – 68:1); (Pearl Dep. at 15: 8 – 12). Neither Katz nor Pearl ever testified that they were acting on behalf of Frontenac VIII Partners, L.P. and Frontenac VIII Limited Partnership with regard to the H-E Parts venture. Nonetheless, the Plaintiff's proposed Amended Complaint alleges that Katz and Pearl were acting as agents for <u>all</u> of the Frontenac Entities with respect to the H-E Parts venture. (Amended Compl. at ¶ 12). This allegation, however, is contrary to the testimony of Katz and Pearl and is not supported by any facts that would establish a joint venture or agency relationship among Richard, Frontenac VIII Partners, L.P., and Frontenac VIII Limited Partnership.

Additionally, Plaintiff has not alleged any other facts that would allow this Court to impute Richard's contacts with Katz and Pearl, as alleged agents of Frontenac Company VIII, LLC, to Frontenac VIII Partners, L.P. and Frontenac VIII Limited Partnership. Accordingly, there is no evidence on this record to attribute contacts that Richard had with the Plaintiff regarding the H-E Parts venture to Frontenac VIII Partners, L.P. or Frontenac VIII Limited Partnership.

## **<u>CONCLUSION</u>**

For the foregoing reasons, and those reasons set forth in Frontenac's Memorandum of Law in Support of its Motion to Dismiss, Plaintiff's Motion to Amend should be denied, to the extent it seeks to add Frontenac Company VIII, LLC, Frontenac VIII Partners, L.P., and Frontenac VIII Limited Partnership as defendants in this case.

FRONTENAC COMPANY VIII, LLC,
FRONTENAC VIII PARTNERS, L.P., and
FRONTENAC VIII LIMITED PARTNERSHIP

By their Attorneys,

/s/ Stephen M. Prignano
/s/ Raymond M. Ripple
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 5th day of February, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903
dan@prentisslaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple