# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK, Plaintiff | : | |
| v. | : | C.A. No. 06-335T |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS INTERNATIONAL, INC., Defendants | : | |

**MEMORANDUM OF PLAINTIFF GERO MEYERSIEK IN RESPONSE TO SUPPLEMENTAL MEMORANDUM OF DEFENDANT FRONTENAC COMPANY**

Plaintiff Gero Meyersiek submits this supplemental memorandum to address the arguments made in the supplemental memorandum filed by Frontenac Company ("Frontenac") on its motion pursuant to Rule 12(b)(2) to dismiss the complaint on the basis of lack of in personam jurisdiction.

In its supplemental memorandum Frontenac refers to the testimony of its managing directors David Katz and Laura Pearl describing the layers of Frontenac entities that were created by Frontenac for the equity fund that was used to invest in the H E Parts International, Inc. business venture. Pearl described a three-level structure that began with Frontenac Company VIII, L.L.C. ("Frontenac LLC"), whose members are the equity partners of Frontenac Company. Frontenac LLC is the general partner of the limited partnership Frontenac VIII Partners, L.P. ("Frontenac Partners"). The limited partners of Frontenac Partners are present and former equity partners of Frontenac Company. Frontenac Partners, in turn, is the general partner of Frontenac VIII Limited

Partnership, which is the entity that actually raises funds in the equity market, and then invests those funds in the Frontenac business ventures. Deposition of Laura Pearl 10:7 – 13:13 (*See* Plaintiff's Memorandum In Opposition to Motion to Dismiss, at 3,4.

Frontenac asserts that this evidence regarding the multiple layers of Frontenac entities that were involved in the H E Parts transaction justifies a finding that the Court lacks jurisdiction over Frontenac. Frontenac maintains that David Katz and Laura Pearl were actually acting on behalf of the other Frontenac entities in their interactions with Richard. Frontenac's analysis is faulty. The question before the Court at this juncture[1] is whether David Katz and Laura Pearl, and, by extension, J. P. Richard, were acting on behalf of Frontenac Company in their dealings with Meyersiek. This seems a difficult proposition to dispute. Katz and Pearl were both at all times partners of Frontenac. Their email addresses identified them as managing directors of Frontenac (*e.g.,* Exh. 1 and 2 appended hereto)[2]. The Dom-Ex letter of intent was on Frontenac Company letterhead. The bank presentations identified Richard's partner as Frontenac Company. Frontenac authorized Richard to represent that he had partnered with Frontenac Company in the H E Parts venture. That Katz and Pearl were also acting on behalf of other Frontenac entities hardly precludes a finding that they were acting on behalf of Frontenac.

These individuals' relationship with Frontenac could be viewed as existing through sub-agency. *See* Restatement (Third) of Agency, §3.15 (2006). Katz and Pearl act on behalf of Frontenac LLC, which acts on behalf of the limited partnership of which it is the general partner (Frontenac Partners). Frontenac Partners, in turn, acts on behalf

---

[1] Meyersiek has moved to amend his complaint to include the additional Frontenac entities as defendants, based on the Katz and Pearl testimony.

[2] Pearl also used an email address identifying her as a managing director of Frontenac Company VIII, LLC. Exh. 3 hereto.

of Frontenac VIII Limited Partners, of which it is the general partner. Frontenac VIII Limited Partners is the investment fund by which Frontenac currently raises equity and invests in businesses. In this cascade of layers of related entities, the acts of the individual agents are attributable up the line to the ultimate principal, which is Frontenac. *See* Restatement (Third) of Agency, §3.14, 3.15.

Alternatively, the individuals could be viewed as acting on behalf of multiple principals, which would be all of the Frontenac entities that were involved in the transaction. Restatement (Third) of Agency, §3.16 (2006) ("Two or more persons may as coprincipals appoint an agent to act for them in the same transaction or matter").

In either event, the actions of Katz and Pearl are attributed to all entities for which they are acting during their interactions with Richard and Meyersiek. It is emphatically not the case that the mere fact that Katz and Pearl were acting on behalf of one or more Frontenac entities other than Frontenac Company precludes them from acting also as the agents of Frontenac Company.

**CONCLUSION**

The evidence to which Frontenac adverts in its supplemental memorandum is important in its support for the plaintiff's motion to amend his complaint. The evidence has no bearing, however, on the amenability of Frontenac Company to the jurisdiction of this Court. For the reasons set forth in the Plaintiff's Memo, the motion of Frontenac Company should be denied.

Respectfully submitted,

GERO MEYERSIEK
By his attorney

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss

R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181

Dated: February 6, 2007

# CERTIFICATION

I hereby certify that on this 6th day of February, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Stephen M. Prignano, Esq.
Raymond M. Ripple, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
sprignano@eapdlaw.com
rripple@eapdlaw.com

/s/ R. Daniel Prentiss

# EXHIBIT 1

PLAINTIFF'S EXHIBIT
7-Richard 12/21/06 kk

**Anne Baker**

**From:** Laura Pearl
**Sent:** Monday, June 06, 2005 1:08 PM
**To:** jprichard
**Subject:** RE: Information from our discussion Friday

The Heavyquip numbers look a little different from what I had before: Is Undercarriage 63% or 60%? Is Labor 5% or 7%? These percentages don't foot to 100%, so I can't sanity check the margins. Can you clear up the differences? It doesn't have to be exact, but I need a full 100% to work the spreadsheet.

-----Original Message-----
From: jprichard [mailto:jprichard@bellsouth.net]
Sent: Monday, June 06, 2005 9:28 AM
To: Laura Pearl
Subject: RE: Information from our discussion Friday

Laura,
Here are the answers,to the best of my ability, to questions 1&2.We do not have detailed info yet from Palmer Johnson because we are not sufficiently close yet to agreeing on a valuation for their Business.But we have placed a call to them in order to get the details you asked for.
Dom-Ex:
.'drop-shipped'parts sales ,which they call 'broker sales', will be 3.7 Mio in 2005 and are assumed to be 3.6 Mio in 06 and in the so-called base or worst case scenario
.service and rental will respectively be 546K and 275K in 05 and are assumed to be 1.2Mio and 300K for 2006 and the base case scenario
Heavyquip:
We have reviewed the product line actual revenues for april and the result is the following based on 7.7Mio of sales for the month:
.GET sales:14% of sales at 42.35% GM
.undercarriage:60% / 24.6% GM
.Labor(service):5% / 52% GM
.Paver parts:4% / 60.23% GM
.engine parts:4.5% / 32.8%
.parts purchased from OEM dealers(emergencies):1.5% / 20.93% GM
.all others(gears,bearings,friction material,other transmission parts,hydraulic components....)from other wholesalers(e.g.Regal,ACT....):4.5% / 35.47% GM The weighted average gross margin should be very close to 29%

J-P

-----Original Message-----
From: Laura Pearl [mailto:lpearl@frontenac.com]
Sent: Sunday, June 05, 2005 11:40 PM
To: jprichard@bellsouth.net
Subject: Information from our discussion Friday

I have aggregated the information that we discussed. I think I am missing some information. I suspect I can fill

it in tomorrow when I see the rest
of the documents David has. However, here are the holes in my data:

1. Dom-Ex: Missing revenue projections for drop-shipped parts and rental/service. Only had info for first year--rest is estimated.

2. Heavyquip: Only used estimates to derive product line revenues. Can we get more specific product line revenue? Also, sum of gross margins by product line doesn't equal aggregate gross margins (they aren't way off--but fine-tuning the data will fix this disparity).

3. Palmer-Johnson: No product line info. Can we get this?

<<H-D Parts.xls>>
I realize this is incomplete, but I checked over my notes, and I may have missed these items

Laura Pearl
Managing Director
Frontenac Company, LLC
312-368-0044

# EXHIBIT 2

34

**David Katz**

---

**From:** David Katz

**Sent:** Monday, November 14, 2005 11:07 AM

**To:** 'J.P. Richard'

**Cc:** Laura Pearl

As discussed

| IRR | J-P's profits interest | J-P | IRR | CFO | COO |
|---|---|---|---|---|---|
| <20 | 9 | 10 | 20% | | |
| 23 | 10 | | | | |
| 26 | 11 | 12.5% | 27.5% | 2.0% | 2.0% |
| 29 | 12 | | | | |
| 32 | 13 | 15 | 35% | | |
| 35 | 14 | | | | |
| 38 | 15 | | | | |
| 41 | 16 | | | | |
| 44+ | 17 | | | | |

David S. Katz
Managing Director
Frontenac Company
312-368-0044
dkatz@frontenac.com

# EXHIBIT 3

PLAINTIFF'S EXHIBIT
29-Richard 12/21/06

**Anne Baker**

---

**From:** Laura Pearl
**Sent:** Tuesday, September 20, 2005 3:59 PM
**To:** Jean Paul Richard (jprichard@bellsouth.net)
**Subject:** Powerpoint

**Attachments:** HE Parts Int'l.ppt

I added a slide near the beginning (didn't fill it out yet) because I think we need a JP/Frontenac slide.

I think I fixed all the formatting problems we had.

The slides that require a lot of formatting are not complete yet. (Financial Statements, etc.)

Should we list significant customers? Or address lack of customer concentration?

HE Parts Int'l.ppt
(76 KB)

Laura P. Pearl
Managing Director
Frontenac Company VIII, LLC
http:\\www.frontenac.com
lpearl@frontenac.com
(312) 368-0044 - Phone
(312) 759-0857 - Fax