UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK, Plaintiff | : | |
| v. | : | |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS, INTERNATIONAL, INC. Defendants | : | No. C.A. 06-335-T |

**MEYERSIEK'S REPLY TO FRONTENAC COMPANY VIII, LLC's FRONTENAC VIII PARTNERS, L.P.'s AND FRONTENAC VIII LIMITED PARTNERSHIP'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

The opposition of Frontenac Company VIII, LLC, Frontenac VIII Partners, L.P. and Frontenac VIII Limited Partnership (together, the "Frontenac Entities") to the motion of Gero Meyersiek ("Meyersiek") to amend his complaint rests on the argument that the proposed amendment would be futile. Defendants' argument ignores the applicable case law relative to Fed. R. Civ. P. 15(a), and ignores the record, which clearly establishes jurisdiction over the Frontenac Entities.[1]

**Meyersiek's Amended Complaint is Not Futile**

The standard to be applied in assessing whether a proposal to amend a pleading should be denied on the basis of futility is the same standard that applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Adorno v. Crowley Towing and Transp. Co.* 443 F.3d 122, 126 (1st Cir. 2006); *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996). Therefore, the court "accept[s] as true all well-pleaded facts alleged by the plaintiffs in their complaint and draw[s] in their favor all reasonable inferences fitting

[1] Neither Frontenac Company nor any of the Frontenac Entities have filed any object to the addition of the claim of unjust enrichment against any of the Defendants, and therefore, have waived any objection to the addition of the legal theory.

their stated theories of liability." *Platten v. HG Bermuda Exempted Ltd.,* 437 F.3d 118, 127 (1st Cir.2006). Defendants cite *In re Astropower Liquidating Trust*, Bnkrtcy No. 04-10322, 2006 WL 2850110 (Bnkrtcy D. Del. Oct. 2, 2006) for the proposition that the doctrine of futility may be applied when the plaintiff fails to put forth allegations in the Amended Complaint sufficient to establish personal jurisdiction. Frontenac Entities' Opposition to Plaintiff's Motion to Amend at 3 – 4. However, Defendant Frontenac Entities' reliance on *In re Astropower* is misplaced. The decision in *In re Astropower* dealt primarily with a motion to dismiss for want of personal jurisdiction and only incidentally with a motion under Rule 15. Frontenac Entities improperly conflate analysis under Fed. R. Civ. P. 12(b)(6) – failure to state a claim upon which relief may be granted and Fed. R. Civ. P. 12(b)(2) – lack of personal jurisdiction. In effect, Frontenac Entities are attempting to reargue Frontenac's Motion to Dismiss, previously filed with the Court.

**The Complaint Contains Allegations Sufficient to Withstand a 12(b)(6) Motion**

The Frontenac Entities do not dispute that the factual allegations contained in the Amended Complaint support the assertion of jurisdiction over them. The allegations include: that Defendant Richard, acting as the agent of the Frontenac Entities, entered into a contract with Meyersiek for his assistance in pursuing a new business venture in exchange for compensation, equity and a position in the new entity if the parties were successful; that Meyersiek performed his obligations under the agreement; that the Defendants were successful in starting the new venture; and that the Defendants refused to honor the terms of the contract. Amended Complaint, ¶¶15 – 19, 23, 25, 34, 35.

The Amended Complaint alleges that Defendant Richard and personnel of the Frontenac Entities had a number of contacts with Meyersiek in Rhode Island, including electronic mail and telephone calls, that Meyersiek performed his duties under the contract in Rhode Island, and that the Defendants expected and intended that Meyersiek perform his obligations in Rhode Island. Amended Complaint, ¶¶26 – 28.

The Amended Complaint also alleges facts that establish agency relationships between Richard, personnel of Frontenac and the three Frontenac Entities. Specifically, the Amended Complaint alleges that Frontenac VIII Limited Partnership was formed by Frontenac Company for the purpose of raising and investing equity funds. Amended Complaint, ¶10. Further, it alleges that: Frontenac Company VIII, L.L.C. ("Frontenac LLC") members are the equity partners in Frontenac Company; Frontenac LLC is the general partner of the limited partnership Frontenac VIII Partners, LP. ("Frontenac Partners"); the limited partners are present and former equity partners of Frontenac Company; and Frontenac Partners, in turn, is the general partner of Frontenac VIII Limited Partnership. Amended Complaint, ¶¶10 – 12. Each can be consider a subagent of the other. *See* Restatement (Third of Agency), § 3.14, 3.15 (2006). Alternatively, those working on behalf of Frontenac could be viewed as acting on behalf of multiple principals, which would be all of the Frontenac entities that were involved in the transaction. *See* Restatement (Third of Agency), § 3.6 (2006) ("Two or more persons may as coprincipals appoint an agent to act for them in the same transaction or matter."). On the basis of this agency, the contacts of Richard and others working on behalf of Frontenac are imputed to the Frontenac Entities to establish jurisdiction over each, in

addition to liability for the underlying claims. *See Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd.*, 298 F.3d 1, 7-8 (1st Cir. 2002).

For the purposes of examining the doctrine of futility, the Court must accept these alleged facts as true, drawing all reasonable inferences in favor of Meyersiek to fit his stated theories of liability. *Platten*, 437 F.3d at 127. Meyersiek has properly set forth facts establishing both liability and jurisdiction. The Defendant Frontenac Entities have not made a showing of futility.

## CONCLUSION

Meyersiek's motion to amend his counterclaim should be granted. He has met the requirements of the applicable rule, Fed. R. Civ. P. 15. His motion aptly invokes the rule's admonition that leave for amendment "shall be freely given when justice so requires." The Frontenac Entities have not even attempted to show that they would be unduly prejudiced by allowance of the amendment.

Respectfully submitted,
GERO MEYERSIEK
By his attorney

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181

Dated: February 15, 2007

**CERTIFICATION**

I hereby certify that on this 15th day of February, 2007, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Stephen M. Prignano, Esq.
Raymond M. Ripple, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
sprignano@eapdlaw.com
rripple@eapdlaw.com

/s/ R. Daniel Prentiss