UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD, FRONTENAC COMPANY, FRONTENAC COMPANY VIII, L.L.C., FRONTENAC VIII PARTNERS, L.P., FRONTENAC VIII LIMITED PARTNERSHIP and H-E PARTS INTERNATIONAL, INC.<br><br>Defendants. | : | C.A. No. 06-335-T |

**ASSENTED TO PROTECTIVE ORDER**

Plaintiff Gero Meyersiek ("Plaintiff"), and defendants Jean Paul Richard and H-E Parts International, Inc. (collectively, "Defendants"), through their respective counsel, stipulate and agree, pending further order of the Court, that the following procedures are designed to assure the protection of confidential information not already in the public domain and shall govern any discovery, including discovery from non-parties, in this action.

1. Except as otherwise limited herein, any signatory hereto may designate as "Confidential" any document produced in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer or any testimony given in deposition or in other pre-trial or trial proceeding. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information."

2. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made not later than the date on which the

document is produced or answer given by placing upon it a legend stating "Confidential." With respect to any deposition exhibit or transcript (or portions thereof) or any testimony given in deposition or other pre-trial or trial proceeding, a confidential designation shall be made on the record at the deposition or within thirty (30) days of receipt of the deposition transcript or thirty (30) days from the date of this Order, whichever is later, and the transcript (or portions thereof) of such deposition shall be so marked.

3. Subject to paragraphs 4, 5 and 6 below, Confidential Information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case;

(b) counsel of record, general counsel and office personnel employed and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Any pleading, brief, or other document which refers to or incorporates any Confidential Information shall be filed with the Court in this case with a motion to seal pursuant to Local Rule Gen 102.

5. Confidential Information, or any information derived therefrom, shall not be used or disclosed for competitive, business, or any other non-litigation purpose whatsoever.

6. The identities of parties or potential parties to this action shall in no instance be deemed to be Confidential Information.

7. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraph 3(a), 3(c), or 3(d) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit A. Any Declaration executed pursuant to this paragraph 7 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

8. This Order is intended to protect information as to which there is no obligation owed other than confidentiality. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

9. Any Party hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information, transcripts, or testimony as "Confidential." The Party challenging such designation has the burden of making an appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the Party claiming confidential status shall have the burden of establishing the need for such status. Pending such determination by the Court, material designated by a Party as Confidential shall be treated as provided in this Protective Order

10. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name,

address and employer of the person to whom the disclosure was made and the date of disclosure, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information including seeking an obligation from each unauthorized person substantially as set forth in Exhibit A.

11. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall either: (1) assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

12. Filing with the Court of any document or/information that is subject to this Protective Order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

GERO MEYERSIEK

By his Counsel,

/s/ Seth M. Yurdin_______________
R. Daniel Prentiss (#0783)
Seth Yurdin (#7407)
Prentiss Law Firm
One Turks Head Place, Suite 380
Providence, RI 02903
(401) 824-5150
(401) 824-5181 (Fax)
dan@prentisslaw.com
syurdin@prentisslaw.com

JEAN PAUL RICHARD,
H-E PARTS INTERNATIONAL, INC.

By Their Counsel,

/s/ Raymond M. Ripple____________
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

ENTERED AS AN ORDER of this Court this ______ day of November, 2007.

ORDER:

____________________________

ENTERED:

_________________________

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD, FRONTENAC COMPANY, FRONTENAC COMPANY VIII, L.L.C., FRONTENAC VIII PARTNERS, L.P., FRONTENAC VIII LIMITED PARTNERSHIP and H-E PARTS INTERNATIONAL, INC.<br><br>Defendants. | : | C.A. No. 06-335-T |

**AGREEMENT CONCERNING CONFIDENTIAL MATERIAL COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the District of Rhode Island, in the above-captioned action on ____________________, 2007, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the District of Rhode Island for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Confidential Information:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Signature: ______________________________

Name: ______________________________

Employer: ______________________________

Title: ______________________________

Subscribed and sworn to before me in the said County of ________________, State of ______________________________, this ___ day of ____________, 200__.

______________________________
Notary Public

My Commission Expires:____________