UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK,<br>Plaintiff<br><br>v.<br><br>JEAN PAUL RICHARD,<br>FRONTENAC COMPANY,<br>FRONTENAC COMPANY VIII,<br>L.L.C., FRONTENAC VIII<br>PARTNERS, L.P., FRONTENAC VIII<br>LIMITED PARTNERSHIP and H-E<br>PARTS INTERNATIONAL, INC.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. C.A. 06-335-T |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

The plaintiff moves for an order compelling the defendants J. P. Richard ("Richard") and H-E Parts International, Inc. ("H-E Parts") to produce documents requested by the plaintiff.

**BACKGROUND**

This is a breach of contract action. In early 2005 the defendant Richard, on behalf of a venture capital firm known as Frontenac Company (and its subsidiaries) (collectively, "Frontenac")[1], entered into an agreement with the plaintiff Gero Meyersiek. Meyersiek agreed to provide professional services to assist in forming a new Frontenac business venture, for the acquisition of companies engaged in the manufacture and distribution of replacement parts for the heavy equipment industry. Frontenac agreed to

---

[1] The Frontenac entities moved for dismissal based on a claim of lack of personal jurisdiction. That motion is pending decision.

compensate Meyersiek for his services by paying him salary and a bonus, and conveying to him a four percent equity share in the new business.

During 2005, Meyersiek assisted Richard and Frontenac in identifying and analyzing acquisition targets for the new business (H-E Parts is the entity that was formed by Frontenac for this venture). The manner in which Frontenac makes investments in a new business venture is to acquire an existing company in an industry. That acquired company is then used as a foundation for further acquisitions of other companies in the same field. After a period of acquisition, consolidation, and streamlining of costs, the new, consolidated entity is sold for what is expected to be a significant profit.

Meyersiek and Richard identified and successfully negotiated an agreement to acquire their first target, Dom-Ex, Inc. ("Dom-Ex"). Under his agreement with Frontenac, Meyersiek was to begin receiving a salary on the execution of a letter of intent with Dom-Ex. Instead, once the target company was signed up, Meyersiek was terminated.

Frontenac finances acquisitions such as that of Dom-Ex in part through its pool of equity investment funds, in part through financing provided by a lender, and in part through issuance of stock in H-E Parts to the sellers of the company being acquired. In each instance, Frontenac prepares analyses and prospectuses, demonstrating the financial soundness of the investment, for presentation to the prospective investor or lender. Exhibit A appended hereto, for example, is a series of slides from a presentation made both to the Frontenac investment committee and to a lender in support of the Dom-Ex acquisition. It shows projected revenues and net income[2] for Dom-Ex after acquisition

---

[2] Net income is identified in the line "EBITDA," meaning "Earnings before Income Taxes, Depreciation, and Amortization." This is a cash-flow measure of net income commonly used in valuation of businesses.

by H-E Parts. Exhibit B appended hereto is an e-mail correspondence from Richard to another potential acquisition target, explaining valuation of the company, and projections for the value of company shares. Exhibit C appended hereto is a spreadsheet with analyses and projections presented to potential investors in H-E Parts. These exhibits are a small sample of the large volume of similar communications and documents that was created during less than one year, when H-E Parts made one acquisition.

Publicly available information reveals that since acquiring Dom-Ex, H-E Parts has acquired three additional companies (TractoAmerica, Grace Track Service, and Getco Ltd), and formed a new subsidiary (HEP Powertrain). Meyersiek served on H-E Parts and Richard the document request that is appended hereto as Exhibit D. In part, this document request sought financial statements, business plans, financial presentations, projections, and valuations of H-E Parts. The defendants objected to the requests primarily on the basis that the requests were "overbroad and unduly burdensome." The defendants' response is appended hereto as Exhibit E. Exhibit F is plaintiff's counsel's letter, seeking to clarify and narrow the breadth of the requests, to meet defendants' objection. As modified by counsel's letter, the requests are targeted on all of the communications, including financial analyses and projections that related to the three identified acquisition transactions, any further potential acquisitions that are pending, and the formation of the new subsidiary.

In response to the plaintiff's requests, the defendants have produced a very limited selection of documents; they provided none of the kinds of communications, analyses, and projections exemplified by Exhibits A, B, and C. By this motion, the plaintiff seeks an order compelling H-E Parts and Richard to provide a complete response

to the requests. The motion relates specifically to the requests numbered 4, 8, 9, 10, 11, 12, and 14, as modified by plaintiff's counsel's letter to defense counsel.

**ARGUMENT**

The financial statements, projections, and analyses which plaintiff seeks are the essential elements from which the plaintiff's damages calculation will be made. By far, the most significant component of his compensation package was his promised four percent equity position in H-E Parts. Valuation of this component will require an analysis of H-E Parts's current financial status, as well as reasonable projections for its performance as it proceeds toward ultimate sale. The most reasonably available and reliable source of data for such projections is represented in H-E Parts's own communications with its investors, potential acquisition targets, and lenders. This is the information that is sought in these requests.

The defendants have raised no substantive objection to the requests. Their assertion of overbreadth and undue burden, without more, are meaningless. The defendants have not articulated any reason that would make compliance with these requests inordinately difficult, or any different from the usual burden of complying with requests for the discovery of relevant information. Moreover, the plaintiff has refined the requests to eliminate any legitimate argument that the requests cover too much. There is no basis for the defendants' objection to the requests.

The plaintiff therefore requests that this Court enter an order granting the plaintiff's motion with respect to requests numbered 4, 8, 9, 10, 11, 12, and 14, and directing the defendants H-E Parts and Richard to produce to the plaintiff, with respect to the acquisitions or TractoAmerica, Grace Track Service, and Getco Ltd., with respect to the

formation of HEP Powertrain, and with respect to any other acquisitions or subsidiary formations, all correspondence, presentations, analyses, projections, and related documents, and any other communications, with prospective investors and lenders, all internal communications and analyses with any Frontenac entity, and communications with the prospective acquisition targets. In addition, the defendants should be ordered to provide monthly, quarterly, and annual financial statements from the inception of H-E Parts to the present.

**CERTIFICATION**

I hereby certify that I attempted in good faith to resolve the issues presented in this motion through conference with opposing counsel, in an effort to obtain the requested discovery without court action.

Respectfully submitted,

GERO MEYERSIEK
By his attorney

**R. DANIEL PRENTISS, P.C.**

/s/ R. Daniel Prentiss
R. Daniel Prentiss (#0783)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181

Dated: February 26, 2008

**CERTIFICATION**

I hereby certify that on this 26th day of February, 2008, this document was filed electronically and is available for reviewing and downloading to the ECF registered counsel of record.

Stephen M. Prignano, Esq.
Raymond M. Ripple, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
sprignano@eapdlaw.com
rripple@eapdlaw.com

/s/ R. Daniel Prentiss