UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK,<br>Plaintiff<br><br>v. | : | |
| JEAN PAUL RICHARD, FRONTENAC COMPANY, FRONTENAC COMPANY VIII, L.L.C., FRONTENAC VIII PARTNERS, L.P., FRONTENAC VIII LIMITED PARTNERSHIP and H-E PARTS, INTERNATIONAL, INC.<br>Defendants | : | No. C.A. 06-335-T |

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JEAN PAUL RICHARD**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff, Gero Meyersiek hereby requests that the defendant Jean Paul Richard produce the following documents for inspection and copying at the offices of its counsel, R. Daniel Prentiss, Esquire, R. Daniel Prentiss, P.C., One Turks Head Place, Suite 380, Providence, RI 02903 within thirty (30) days after service of this request.

INSTRUCTIONS AND DEFINITIONS

A. You are hereby requested to provide the following information with respect to each document which is identified or referred to in the response to this Request for Production and which is not intended to be produced:

(1) The date of the document;

(2) The identity of the addressor(s) or author(s) of the document;

(3) The identity of the addressee(s) and recipient(s) of the document;

(4) The contents of the document;

(5) The identity of all persons who possess, control or have custody of the document or any copy of it; and

(6) The reason it is not being produced.

B. As used herein, the term "communication" shall be construed to mean any manifestation of a transmission of information and/or intelligence by any means, and shall be construed to include communications in both print and electronic form, voicemail or any other form of audio- or video-recording of communications, and written (print or electronic) memorializations of oral communications.

C. As used herein, the term "Frontenac Entities" shall be construed to mean the defendants Frontenac Company, Frontenac Company VIII, L.L.C., Frontenac VIII Partners, L.P., Frontenac VIII Limited Partnership and/or any agent, employee, officer, manager or director of each.

D. As used herein, the term "H E Parts International" shall be construed to mean defendant H E Parts International, Inc., and/or any agent, employee, officer, manager or director of H E Parts International, Inc.

E. The term "document" and/or "documentation" means any printed, written, typed, recorded, transcribed, taped, photographic or graphic matter, however produced or reproduced, including, but not limited to, any letter, correspondence or communication of any sort, any film, print or negative of a photograph, any sound recording or video recording, any note, notebook, diary, calendar, minutes, memorandum, contract, agreement or amendment, any telex, telegram or cable, any summary, report or record of telephone conversation, personal conversation, discussion, interview, meeting, conference, investigation, negotiation, act or activity, any projection, work paper or draft, any computer output or input or data storage medium, including, without limitation, any disc, tape or data processing card, any opinion or report of a consultant, any request, order, invoice or bill of lading, any analysis, diagram, map, index, sketch, drawing, plan, chart, manual, brochure, pamphlet, advertisement circular, newspaper or magazine clipping or press release, any receipt, journal, ledger, schedule, bill, or voucher, any financial statement, statement of account, bank statement, check book, stubs, register, cancelled check, deposit slip, charge slip, tax return, schedule or requisition, any file, study, graph, tabulation, and any and all other writings and recordings of whatever nature, whether signed or unsigned or transcribed, and any other data compilation from which information can be obtained and translated through detection devices or otherwise into reasonably usable form.

F. The term "document" also means (a) the original and/or any non-identical original or copy including those with any marginal note or comment or showing additions, deletions or substitutions; (b) drafts; (c) attachments to or enclosures with any document; and (d) every document referred to in any other documents.

G. As used herein, a document "relating to" a given subject matter means any document that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including, without limitation, documents concerning the presentation or facsimile transmission of other documents.

H. As used herein, the term "concerning" means regarding, having as a subject, in part or whole, making reference to, showing, or reflecting in any way.

I. As used herein, the term "prepared" means written, authorized to be written, prepared, produced or reproduced in any other manner in tangible form.

J. Unless another interpretation is clearly meant, all other terms and definitions are to be interpreted in their most common and ordinary sense, or, where applicable, in the sense commonly understood in the business or investment field.

K. Unless otherwise indicated, either expressly or by implication, each request is to be answered for the period from January 1, 2000 to the present.

L. Your attention is called to the duty imposed by Rule 26 to supplement your responses to these requests with information subsequently acquired by you.

**DOCUMENTS REQUESTED**

1. Any and all documents that define any relationships that existed between Jean Paul Richard and any Frontenac Entity that was in effect at any time from January 1, 2003 to the present.

2. Any and all documents that define any relationships that have existed between any Frontenac Entity and H E Parts, International, Inc.

3. All documents concerning any and all agreements between any Frontenac Entity relating to the investing in, researching or financing investigating any venture involving H E Parts International or the replacement parts industry.

4. All documents concerning the source of financing of H E Parts International.

5. All documents concerning meetings, minutes or actions of the Board of Directors of H E Parts International.

6. All documents concerning meetings, minutes or action of the Board of Directors of the Frontenac Entities regarding any investment in H E Parts International.

7. All documents concerning the decision of any Frontenac Entity to invest in H E Parts International.

8. All documents concerning possible or actual merger, purchase, or partnership of H E Parts International with any third party.

9. All documents concerning proposed or actual business plans or business strategy of H E Parts International.

10. All documents concerning any valuations, formal or informal, of H E Parts International.

11. All documents concerning any monthly, quarterly and yearly financial reports of H E Parts International.

12. All documents concerning any financial projections of H E Parts International.

13. All documents concerning the ownership, or option to purchase any interest in H E Parts International, including any valuations of any such shares or options.

14. Any documents concerning any report, presentation, finance statement, project, or business plan of H E Parts International prepared for or actually presented to any Frontenac Entity or third parties, including but not limited to lenders or potential investors.

15. All documents which the Defendant intends to introduce at the trial of the above-captioned matter.

Respectfully submitted,

GERO MEYERSIEK
By his attorney

R. DANIEL PRENTISS, P.C.

Seth Yurdin (#7407)
One Turks Head Place, Suite 380
Providence, RI 02903
Tel: 401-824-5150
Fax: 401-824-5181

Dated: June 28, 2007

CERTIFICATION

I hereby certify that on this 28 day of June, 2007, this document was sent via first class mail to the following:

Stephen M. Prignano, Esq.
Raymond M. Ripple, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
sprignano@eapdlaw.com
rripple@eapdlaw.com

831/38/1864