UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD, FRONTENAC COMPANY, FRONTENAC COMPANY VIII, LLC, FRONTENAC VIII PARTNERS, LP, FRONTENAC VIII LIMITED PARTNERSHIP and H-E PARTS INTERNATIONAL, LLC.<br><br>Defendants. | ) | C.A. No. 06-335-T |

**DEFENDANTS H-E PARTS INTERNATIONAL, LLC'S AND JEAN PAUL RICHARD'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants H-E Parts International, LLC ("H-E Parts") and Jean Paul Richard ("Richard") (sometimes, collectively "Defendants") hereby oppose Plaintiff Gero Meyersiek's ("Plaintiff") Motion to Compel the Production of Documents. Plaintiff's Motion to Compel seeks an order of this Court requiring H-E Parts and Richard to produce additional documents in response to Request Nos. 4, 8, 9, 10, 11, 12, and 14, as set forth in Plaintiff's Second Set of Requests for Production to H-E Parts and Second Set of Requests for Production to Richard (collectively, the "Requests").

Following numerous meet and confer letters and telephone conversations, Defendants have produced approximately 8,000 pages of documents relating to financial information and analyses of H-E Parts, as well as the acquisition of H-E Parts' subsidiary companies.[1] These documents are detailed in the chart attached to the Declaration of Steven McBrayer. Both Mr.

[1] Defendants' responses to the Plaintiff's Requests are attached hereto as Exhibit A and Exhibit B.

McBrayer's Declaration and the Chart demonstrate that Plaintiff has more than sufficient information to conduct a valuation of a four-percent (4%) equity interest in H-E Parts -- Plaintiff's stated purpose for requesting the production of financial-related documents.[2] Apart from the sufficiency of the financial documents produced to Plaintiff, the remaining issues outstanding for this Court's consideration are: (1) whether the Plaintiff is entitled to all documents, including financial records, and all communications, relating to potential acquisition targets of H-E Parts; and (2) whether Plaintiff must narrow his overbroad requests for the production of e-mails that are of marginal relevance given the voluminous financial information already produced to the Plaintiff.

## I. BACKGROUND

### A. The Business Structure of H-E Parts.

Formed in February 2006, H-E Parts, a Georgia limited liability company, is a supplier of reconditioned parts and equipment, as well as aftermarket parts, to the mining and heavy construction industries. Richard is the Chief Executive Officer of H-E Parts.

H-E Parts conducts its business through five operating subsidiaries: (1) Dom-Ex, Inc. (acquired on February 16, 2006); (2) TractoAmerica, Inc. (acquired on May 15, 2006); (3) GraceTrack Services, Inc. (acquired November 1, 2006); (4) Getco, Inc. (acquired March 16, 2007); and (5) HEP Powertrain (formed July 16, 2007). (See Declaration of Steven R. McBrayer ("McBrayer Aff.") at ¶ 2, attached hereto as Exhibit C.) With the exception of HEP Powertrain, prior to being acquired by H-E Parts, the foregoing subsidiaries operated as independent businesses in the area of reconditioned parts and equipment for the heavy construction industries.

[2] It is unclear whether Plaintiff seeks as damages in this action the dollar value of a 4% equity interest in H-E Parts measured as of the time of trial, or whether Plaintiff simply seeks shares of stock representing a 4% equity interest in H-E Parts. If Plaintiff seeks the latter, then the financial information requested in discovery would not seem relevant or necessary to prove damages at trial.

**B. Allegations of Plaintiff's Amended Complaint.**

In his Amended Complaint, Plaintiff alleges that, in early 2005, he assisted Richard with the formation of a business venture that would engage in the acquisition of companies in the manufacturing and distribution of aftermarket parts for the construction and heavy equipment industries. Plaintiff alleges that, in exchange for his assistance with the formation of this venture, Richard orally promised him employment and a four-percent (4%) equity interest in the company ultimately formed. Plaintiff further alleges that Richard, who was operating independently at the time, extended the promise of future employment and an equity interest with the approval of Frontenac Company ("Frontenac"), a Chicago, Illinois venture capital firm.[3] H-E Parts is the named-entity ultimately formed as a result of Richard's work and Frontenac's venture capital investment.

H-E Parts, Richard, and Frontenac deny that the Plaintiff was promised the compensation sought in his Amended Complaint. Richard has testified that he made clear to Plaintiff that any position with H-E Parts would be subject to approval by Frontenac, when and if Frontenac funded the venture. Ultimately, when Frontenac funded H-E Parts, it did not approve of Plaintiff's participation in the management team and Plaintiff was not offered a position with the Company.

**C. Plaintiff's Requests for Production and Defendants' Production of Documents.**

Plaintiff's Requests focus on financial data, analyses and valuations of H-E Parts, as well as financial and acquisition documents relating to H-E Parts' current and potential subsidiary companies. According to Plaintiff, these financial records are required in order to enable Plaintiff to conduct a valuation of H-E Parts. (See Plaintiff's Motion to Compel at 4). In

[3] Frontenac is a named defendant in this action, but has moved to dismiss on the grounds of lack of personal jurisdiction. Frontenac's motion to dismiss is currently under consideration by this Court.

response to these Requests, the Defendants have been in the process of producing approximately 8,000 pages of documents containing a whole range of financial information regarding H-E Parts and its subsidiary companies.

Attached to the Declaration of Steven McBrayer is a chart that details the financial-related documents produced by the Defendants as they relate to the Plaintiff's Requests and, where applicable, the various H-E Parts subsidiary companies. (See McBrayer Aff. at ¶ 4.) Specifically, Defendants have produced, *inter alia*, the following documents containing financial information relating to H-E Parts:

- Monthly and Annual financial statements and balance sheets for H-E Parts and its subsidiary companies;
- Purchase Agreements between H-E Parts and its subsidiary companies, including financial due diligence documents;
- Valuation models prepared by Frontenac Company relating to H-E Parts and its acquisition of the subsidiary companies from February 2006 to the present;
- Summaries of financial information presented at H-E Parts' Board of Directors' meetings;
- Business plans, including financial projections, for H-E Parts and its subsidiary companies; and
- Agreements between H-E Parts and its lenders.

These documents provide complete financial information during the entire history of the company from February 2006 to the present. (McBrayer Aff. at ¶ 3.) In fact, McBrayer states in his Declaration that, as the Chief Financial Officer of H-E Parts, if he were to conduct a valuation of an individual's equity interest in the company, he would rely on the very same documents produced to Plaintiff. (Id. at ¶ 5.)

Defendants have maintained an objection to producing documents only in the following areas. First, Defendants objected to producing all documents relating to potential acquisition targets of H-E Parts on the grounds that the Requests are overbroad and the information sought is irrelevant to any valuation of H-E Parts. Second, with respect to at least one pending

transaction,[4] H-E Parts is contractually prohibited from producing the information sought pursuant to a non-disclosure agreement.[5] Third, the Defendants further objected to the Plaintiff's overbroad Requests for all e-mails and correspondence of the Defendants with their subsidiary companies, lenders, and investors.

As to the request for emails, Plaintiff only marginally limited his original request, and continued to demand production of "all of the communications, including financial analyses and projections that related to the three identified acquisition transactions, any further potential acquisitions that are pending, and the formation of the new subsidiary." (See Plaintiff's Motion to Compel at 3)(emphasis added). The Requests do not limit the subject matter of the e-mails or correspondence and, as a result, call for the production of documents on a host of subject areas that are simply of no relevance to the claims or defenses in this litigation. In light of these concerns regarding overbreadth, Defendants' counsel informed Plaintiff's counsel that further narrowing and clarification was needed regarding the type of e-mails and correspondence sought in response to the Requests. (See November 9, 2007 Letter to Plaintiff's Counsel, attached hereto as Exhibit D; February 22, 2008 Letter to Plaintiff's Counsel, attached hereto as Exhibit E.)

Despite the Defendants' request that the Requests be narrowed and their concerns relative to the nondisclosure agreement, Plaintiff instead filed the instant Motion to Compel seeking the following relief:

---

[4] During the parties' meet and confer discussions relating to the Plaintiff's Requests, there were two such pending acquisitions. Following the Plaintiff's filing of his Motion to Compel, one of these transactions was completed and the acquisition target is now a subsidiary company of H-E Parts. Accordingly, defendants will produce responsive documents relating to this completed transaction.

[5] Because production of the nondisclosure agreements would identify the third party with whom H-E Parts is currently in negotiations, the nondisclosure agreement has not been attached to this Opposition. H-E Parts will provide a copy of the nondisclosure agreement to the Court for an *in camera* review at any hearing on the Motion to Compel, or as otherwise requested by the Court.

> Plaintiff [demands that] H-E Parts and Richard produce to the Plaintiff, with respect to the acquisitions of TractoAmerica, Grace Track Services and Getco, with respect to the formation of HEP Powertrain, and with respect to any other acquisitions or subsidiary formations, **all correspondence, presentations, analyses, projections, and related documents, and any other communications, with prospective investors and lenders**, **all internal communications and analyses with any Frontenac entity, and communications with the prospective acquisition targets**.

(Plaintiff's Motion to Compel at 4 – 5.) (emphasis added).

## II. ARGUMENT

### A. Defendants Have Complied With Plaintiffs' Request for Financial Information.

As indicated in the accompanying Declaration of Mr. McBrayer, despite Plaintiff's refusal to meaningfully limit the overly broad scope of Plaintiff's request for financial records, Defendants have produced literally thousands of pages of financial information of the type and category requested by Plaintiff. As set forth in Mr. McBrayer's Declaration and the attached chart, this information is more than sufficient to enable Plaintiff's experts to conduct a valuation of H-E Parts for purposes of determining the value of Plaintiff's alleged 4% equity interest in the Company. Accordingly, Defendants submit that they have produced the information requested by the Plaintiff and have complied with their discovery obligations in this regard.

**B. Plaintiff's Request for Documents Relating to H-E Parts' Potential Acquisitions Should be Denied Because the Information Sought is Not Relevant to the Calculation of Plaintiff's Alleged Equity Interest and is Otherwise Subject to a Non-Disclosure Agreement.**

Defendants submit that Plaintiff's Requests for documents relating to potential acquisitions by H-E Parts should be denied because the request is overly broad and not likely to lead to the discovery of admissible evidence. Moreover, even if the information sought in the Requests were relevant to the Plaintiff's calculation of his alleged equity interest in H-E Parts, the Plaintiff's Motion to Compel should be denied with respect to at least one pending transaction because the Defendants are precluded from disclosing that information due to a non-disclosure agreement entered into with the potential acquisition target.

**1. Plaintiff's requests for documents relating to H-E Parts' potential acquisition targets are overbroad and seek irrelevant information.**

The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Discovery, however, may be limited if the Court determines that the burden or expense of such discovery outweighs its likely benefit. Taco, Inc. v. Federal Insurance Company, C.A. No. 07-27S, 2007 WL 4269810, at *2 (D.R.I. Nov. 30, 2007) (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)); Yangtze Optical Fibre, Ltd. v. Ganda, LLC, C.A. No. 04-474-ML, 2007 WL 674893, at *1 (D.R.I. Mar. 1, 2007). The party seeking information in discovery over an adversary's objection bears the burden of showing the need, relevance, and scope of the information sought. See Yangtze, 2007 WL 674893 at *1.

As the basis for his breach of contract claim, Plaintiff contends that he was promised, *inter alia*, a four percent (4%) equity interest in H-E Parts. (Amended Complaint at ¶ 22.)

Accordingly, based on this allegation, the Plaintiff seeks the production of all documents, including internal and external communications, relating to H-E Parts' potential acquisition targets. (Motion to Compel at 5.) Plaintiff contends that the purpose of this request is to permit him to conduct a valuation of H-E Parts, which will enable him to measure the equity interest in H-E Parts to which he alleges he is entitled. (See Plaintiff's September 14, 2007 Meet and Confer Letter, Motion to Compel at Ex. F.) Specifically, Plaintiff contends that "the valuation analysis will be based both on the financial performance of H-E Parts, as well as reasonable projections of future performance." (Id.)[6]

Defendants submit that the Plaintiff's request for documents relating to the potential acquisition targets of H-E Parts is extremely overbroad and seeks irrelevant information. Any measurement of the current value of H-E Parts is based on the company's current financial performance, as well as the projected financial performance of the company as it currently exists. See, e.g., Warnick v. Warnick, 133 P.3d 997, 1003 n.8 (Wyo. 2006) (noting that, in the context of dissenting shareholders, valuation of shares is generally performed under a going concern valuation method); Cede & Co. v. Technicolor, Inc., 542 A.2d 1182, 1186 (Del. 1988) (in the context of Delaware's dissenters' rights statute, holding that shareholders' interest in company "was to be valued as a going concern"). In response to the Plaintiff's Requests, the Defendants have produced more than sufficient information to permit the Plaintiff to conduct an assessment of his alleged four percent (4%) interest in H-E Parts. These documents include, *inter alia*, purchase and sale agreements with H-E Parts' subsidiary companies, including financial due diligence documents; valuation models; monthly financial statements and balance sheets;

---

[6] It is unclear, however, whether Plaintiff seeks the production of documents relating to all "potential" acquisitions, or only those acquisitions that are "potential" and "pending." (Compare Plaintiff's Motion to Compel at 3 ("[T]he requests are targeted on all of the communications, including financial analyses and projections that relate to . . . any further potential acquisitions that are pending . . . ."), with Plaintiff's Motion to Compel at 5 (requesting that an order enter regarding H-E Parts' communications with "the prospective acquisition targets").)

agreements with lenders; and business plans, including financial projections, for H-E Parts and its subsidiary companies. (McBrayer Aff. at ¶¶ 3 – 5.)

Moreover, Defendants submit that information relating to potential acquisition targets is simply not relevant to a valuation of H-E Parts, given that these entities are independently owned and operated companies. As Plaintiff alleges in his Amended Complaint, H-E Parts' business model is premised on the acquisition of companies in the replacement parts business in the heavy construction and mining industries. Accordingly, H-E Parts frequently communicates with and explores potential acquisition targets in those industries, many of which never culminate in an acquisition by H-E Parts. Based on the Plaintiff's Requests, however, the Defendants would be required to produce all documents regarding these entities, even though these entities have no impact whatsoever on the finances of H-E Parts. Indeed, if Defendants were obligated to produce such documents, whenever H-E Parts communicated with anyone regarding a potential acquisition target, it would essentially be compelled to "copy" Plaintiff and his counsel. Unless and until the potential acquisition target becomes an H-E Parts subsidiary and impacts the value of the company, it simply has no practical or legal impact on a valuation of H-E Parts. Indeed, a review of the financial statements and other documents already produced to the Plaintiff regarding H-E Parts' acquisitions of Getco, TractoAmerica, and Grace Track Services, shows that an acquired-company does not impact H-E Parts' financial status or value until after it is acquired. Therefore, Defendants submit that Plaintiff's request for the production of all documents relating to potential acquisition targets be denied.

### 2. **H-E Parts is precluded from producing documents relating to its potential acquisition due to a nondisclosure agreement.**

Plaintiffs' Requests with regard to potential acquisition targets should also be denied because the only pending acquisition is subject to a nondisclosure agreement.[7] If Defendants were ordered to produce documents, including communications, relating to the possible acquisition, it would result in a "monitoring" of the potential transaction, whereby the Plaintiff, his counsel and expert, would be reviewing documents as the deal is negotiated. To produce documents in this context would be unworkable, and result in a possible "chilling effect" on the potential acquisition. Accordingly, Defendants respectfully request that the Requests for documents relating to the potential, pending acquisition be denied. Alternatively, H-E Parts requests that it not be compelled to produce such documents unless and until the pending transaction is completed, and the acquisition target becomes an H-E Parts subsidiary.

### C. **Plaintiff's Requests for the Production of E-mails and Correspondence Are Overbroad and Should be Narrowed.**

Plaintiff's Requests also seek the production of all correspondence, including e-mail communications, between H-E Parts and its investors, lenders, and subsidiary companies, which are substantially overbroad and seek documents that have nothing to do with the Plaintiff's alleged need to conduct a valuation of his four-percent (4%) equity interest in H-E Parts. Prior to the filing of the Motion to Compel, Defendants conferred with Plaintiff's counsel regarding their concerns with the overbreadth of the Plaintiff's Requests. (See November 9, 2007 Letter to Plaintiff's Counsel, attached hereto as Exhibit D; February 22, 2008 Letter to Plaintiff's Counsel, attached hereto as Exhibit E.) However, despite the meet and confer efforts between the parties on these issues, the Requests still are far too broad.

---

[7] As noted above, Defendants would offer to produce a copy of the non-disclosure agreement to the Court for *in camera* review.

As currently drafted, the Plaintiff's Requests seek a large volume of correspondence covering many topics of communications that are of little or no relevance to the litigation. For example, H-E Parts regularly communicates with its subsidiary companies regarding human resources, sales, day-to-day operations and other run-of-the-mill, general management issues, all of which fall within the literal scope of the Plaintiff's Requests. Further, there is a large volume of emails that do no more than transmit copies of the financial documents that have already been produced to Plaintiff. Most, if not all of these communications are, at best, tangential to the claims at issue in this litigation. Obtaining these emails would also require substantial time on the part of defendants sifting through large e-mail databases to produce mostly irrelevant information.

Defendants moreover have produced literally thousands of pages of documents containing financial information relating to H-E Parts. These documents are far more relevant to the task at hand than the volumes of communications that are of marginal relevance to a measurement of Plaintiffs' alleged equity interest in the company. Although the Federal Rules permit discovery regarding information relevant to the Plaintiff's claims, he is not entitled to scattershot requests for "all documents" relating to a general subject matter on the possibility that documents falling within those requests may be relevant, particularly when the Defendants already have produced the necessary substantive financial information. Yangtze, 2007 WL 674893 at *2 (denying motion to compel the production of "all documents constituting or concerning communications" between the defendant and a third party in the absence of any basis for such a broad request); see Mack v. Great Atlantic and Pacific Tea Co., Inc., 871 F.2d 179, 187 (1st Cir. 1989) (noting that under Rule 26 parties have an obligation to tailor discovery to suit the needs of the litigation and are not permitted "to undertake wholly exploratory operations

in the vague hope that something helpful will turn up"). Here, the probative nature of the requested emails, based on the request as currently framed, is clearly outweighed by the burden of searching for, retrieving and producing the information. See generally Taco, 2007 WL 4269810 at *2.

Accordingly, Plaintiff should be required to narrow the Requests so as to prevent the unnecessary burden of collecting and producing of large volumes of irrelevant and tangential material. Defendants also suggest that the parties be required to meet and confer regarding an acceptable list of search terms to be applied to a database search of relevant emails, after this Court has issued guidance regarding the allowable scope of discovery with respect to email communications. Pursuant to Rule 26(b)(2)(B), Defendants also request that this Court issue an order requiring Plaintiff to pay the cost of database searches, retrieval and reproduction of the email communications requested in discovery.

## III. CONCLUSION

For the foregoing reasons, the relief requested in Plaintiff's Motion to Compel should be denied. Pursuant to LR Cv 7(e), Defendants respectfully request oral argument on the Motion to Compel, and estimate that approximately fifteen minutes will be required for any such hearing.

H-E PARTS INTERNATIONAL, LLC and
JEAN PAUL RICHARD

By their Attorneys,

/s/ Stephen M. Prignano
/s/ Raymond M. Ripple
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 28th day of March, 2008 and is available for viewing and downloading to the ECF registered counsel of record:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903
dan@prentisslaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple