# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD, FRONTENAC COMPANY, FRONTENAC COMPANY VIII, L.L.C., FRONTENAC VIII PARTNERS, L.P., FRONTENAC VIII LIMITED PARTNERSHIP and H-E PARTS INTERNATIONAL, INC.<br><br>Defendants. | : | C.A. No. 06-335-T |

**DEFENDANT J.P. RICHARD'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant J.P. Richard ("Richard") hereby responds and objects as follows to Plaintiff Gero Meyersiek's ("Plaintiff") Second Set of Requests for Production of Documents:

1. Any and all documents that define any relationships that existed between Jean Paul Richard and any Frontenac Entity that was in effect at any time from January 1, 2003 to the present.

**OBJECTION:** Richard objects to this request on the grounds that the term "relationships", as used in this request, is vague and ambiguous.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, H-E Parts responds by stating that all responsive documents have been produced.

2. Any and all documents that define any relationships that have existed between any Frontenac Entity and H-E Parts, International, Inc.

**OBJECTION:** Richard objects to this request on the grounds that the term "relationships", as used in this request, is vague and ambiguous.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, Richard responds by stating that all responsive documents have been produced.

3. All documents concerning any and all agreements between any Frontenac Entity relating to the investing in, researching or financing investigating any venture involving H-E Parts International or the replacement parts industry.

**OBJECTION:** Richard objects to this request on the grounds that the term "agreements", as used in this request, is vague and ambiguous. Richard further objects to this request on the grounds that based on the language of the request, Richard is simply unclear what type of documents are being sought as part of the request.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, Richard responds by stating that all responsive documents have been produced.

4. All documents concerning the source of financing of H-E Parts International.

**OBJECTION:** Richard objects to this request on the grounds that the term "financing" is vague and ambiguous. Richard further objects to this request on the grounds that it overly broad in scope. The request seeks all documents relating to the financing of H-E Parts, an ongoing business venture, without limit to the temporal scope of the request. Documents relating to the "financing" of H-E Parts arguably would involve H-E Parts' relationships with banks or other lenders that are of no relevance to this litigation.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, all responsive documents have been produced.

5. All documents concerning meetings, minutes or actions of the Board of Directors of H-E Parts International.

**RESPONSE:** Richard objects to this request on the grounds that it is overbroad and unduly burdensome, given that it requests all documents, regardless of the subject matter and without temporal limitation, of any meetings, minutes or actions of the Board of Directors of H-E Parts.

6. All documents concerning meetings, minutes or action of the Board of Directors of the Frontenac Entities regarding any investment in H-E Parts International.

**RESPONSE:** None.

7. All documents concerning the decision of any Frontenac Entity to invest in H-E Parts International.

**RESPONSE:** Responsive documents have been produced.

8. All documents concerning possible or actual merger, purchase, or partnership of H-E Parts International with any third party.

**OBJECTION:** Richard objects to this request on the grounds that it is overbroad in scope, unduly burdensome and not likely to lead to the discovery of admissible evidence. Richard further objects on the grounds that the term "possible" merger is vague and ambiguous.

9. All documents concerning proposed or actual business plans or business strategy of H-E Parts International.

**OBJECTION:** Richard objects to this request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. As part of this request, the Plaintiff seeks the production of all documents relating to both proposed and actual business plans or strategies of H-E Parts. The request is overbroad in that it seeks the production of information that is not related to the contractual dispute between the parties. Moreover, the term proposed or actual "business plan" encompasses a large volume of documents that are regularly produced or generated by H-E Parts that no relationship to the dispute between the parties. The fact that the Plaintiff has brought suit against Richard does not entitle him to discovery regarding all aspects of H-E Parts' day-to-day business dealings and strategies.

10. All documents concerning any valuations, formal or informal, of H-E Parts International.

**RESPONSE:** None.

11. All documents concerning any monthly, quarterly and yearly financial reports of H-E Parts International.

**OBJECTION:** Richard objects to this request on the grounds that the request is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, Richard will produce annual financial reports.

12. All documents concerning any financial projections of H-E Parts International.

**OBJECTION:** Richard objects to this request on the grounds that the request is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, Richard will produce responsive documents.

13. All documents concerning the ownership, or option to purchase any interest in H-E Parts International, including any valuations of any such shares or options.

**OBJECTION:** Richard objects to this request on the grounds that the request is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, responsive documents have already been produced.

14. Any documents concerning any report, presentation, finance statement, project, or business plan of H-E Parts International prepared for or actually presented to any Frontenac Entity or third parties, including but not limited to lenders or potential investors.

**OBJECTION:** Richard objects to this request on the grounds that is overbroad. The request seeks all documents concerning any report, presentation, finance statement, project, or business plan that H-E Parts has presented to <u>any party</u> without limitation to time frame or subject matter.

15. All documents which the Defendant intends to introduce at the trial of the above-captioned matter.

**RESPONSE:** Richard has not yet identified the documents which it intends to introduce at the trial of the above-captioned matter. Richard will supplement its response to this interrogatory in accordance with the Federal Rules of Civil Procedure.

J.P. RICHARD

By his Attorneys,

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August ____, 2007, a copy of the following was served by first-class mail, postage prepaid, on the following counsel of record:

R. Daniel Prentiss, Esq.
Seth Yurdin, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903
dan@prentisslaw.com
syurdin@prentisslaw.com



PRV_902911_1/RRIPPLE