# EXHIBIT E

EDWARDS ANGELL PALMER & DODGE LLP

2800 Financial Plaza Providence, RI 02903 401.274.9200 *fax* 401.276.6611 eapdlaw.com

Stephen M. Prignano
401.276.6670
*fax* 888.325.9052
sprignano@eapdlaw.com

February 22, 2008

**BY FACSIMILE AND REGULAR MAIL**

R. Daniel Prentiss, Esq.
R. Daniel Prentiss, P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

**Re: Gero Meyersiek v. Jean Paul Richard, et al., C.A. No. 06-335-T**

Dear Dan:

I am writing in response to your recent e-mail regarding defendants H-E Parts International, LLC ("H-E Parts") and Jean Paul Richard's responses to Plaintiff Gero Meyersiek's ("Plaintiff") Second Set of Requests for Production of Documents, which requests further production of documents in response to Request Nos. 4, 8, 9, 10, 11, 12, and 14 (the "Requests").

The Requests seek documents concerning the following: the source of financing of H-E Parts (Request No. 4); possible or actual merger, or purchase of H-E Parts with any third party (Request No. 8); proposed or actual business plans or strategy of H-E Parts (Request No. 9); formal or information valuations of H-E Parts (Request No. 10); financial reports and projections of H-E Parts (Request Nos. 11 and 12); and reports, presentations, finance statements, projects, or business plans of H-E Parts prepared for or presented to Frontenac, lenders or potential investors (Request No. 14).

In response to your September 14, 2007 meet and confer letter, which sought many of the types of documents referenced above, H-E Parts produced documents bates-labeled H098 – H0887, which contained the following documents: H-E Parts' Statement of Income; asset and stock purchase agreements and related due diligence materials for H-E Parts' acquisitions, including TractoAmerica, Inc., Getco, Ltd., and Grace Track Services, Inc.; and H-E Parts' loan and security agreement with its lender, M&I Bank.

In follow-up to your e-mail, we conferred with our clients regarding the additional documents requested by Plaintiff. As an initial matter, we are not aware of any responsive documents that J.P. Richard would have in his care, custody or control that differ from the documents in the possession of H-E Parts. As a result, we are not aware of any additional documents to be produced by Mr. Richard that have not, or will not be, produced by H-E Parts. Although we believe our original responses adequately addressed the pending requests, and those requests are

EDWARDS ANGELL PALMER & DODGE LLP



objectionable because they are overbroad, in an effort to resolve outstanding issues concerning discovery and in order to avoid motion practice, we will produce additional documents. Specifically, we will produce monthly financial statements for H-E Parts for the period July 31, 2006 to the present. The statements and the accompanying commentary are provided on a monthly basis to H-E Parts' investors. In addition to providing financial information about H-E Parts on a monthly basis, the monthly statements also provide commentary regarding H-E Parts' objectives, current status, and other ongoing issues. Moreover, we also intend to produce a valuation schedule that provides several up-to-date calculations of capital contributed to EBITDA for H-E Parts, under several business scenarios. Additionally, with respect to the new subsidiary, HEP Powertrain, we will produce a business plan and related financial documents. Finally, we also will produce an H-E Parts presentation made to investors. Production of these items is made without waiving any objections.

With regard to Plaintiff's requests for documents relating to H-E Parts' potential acquisition targets, although we believe there are two such "targets", H-E Parts is precluded from producing such information pursuant to non-disclosure agreements. Moreover, aside from these confidentiality issues, all documents relating to potential targets remains overbroad and not necessary to Plaintiff's damages calculations or expert analysis. Plaintiff's calculation of H-E Parts' value for purposes of assessing his alleged damages would be based upon current valuations of the company, which would not be impacted by entities not a part of H-E Parts.

We also need further clarification regarding the scope of documents sought in the Requests. Your recent e-mail seeks "all correspondence . . . and other communications, with prospective investors and lenders" and "all internal communications and analyses with any Frontenac entity, and communications with the prospective targets." These requests, however, appear broader than Plaintiff's requests for production. Moreover, the requests appear to seek all communications or documents between H-E Parts and any Frontenac entity, any actual or potential lender, any actual or potential investor, and any acquisition target whether or not the acquisition actually was consummated, regardless of the subject matter of the e-mail or correspondence. Accordingly, these requests appear overbroad, and we are not clear what documents Plaintiff is seeking with respect to these requests.

I look forward to working with you regarding clarification of these issues, as well as any other issues that you feel need to be addressed.

EDWARDS ANGELL PALMER & DODGE LLP



Thank you for your attention to this matter, and please do not hesitate to contact me if you have any questions.

Sincerely yours,

Stephen M. Prignano

Stephen M. Prignano