EXHIBIT I

EXCERPT FROM JP RICHARD DEPOSITION

Page 129

a minute. I want to talk to you.
(Recess from 2:19 p.m. to 2:22 p.m.)
(The record was read by the reporter.)
**Q.** (By Mr. Prentiss) As you describe a relationship that existed between you and Frontenac sort of back at the beginning of early 2005 regarding H-E Parts, that relationship changed at some point to a formal relationship where -- well, that relationship changed at some point. Correct?
**A.** Yes.
**Q.** When was there a change in the relationship between you and Frontenac with respect to H-E Parts International?
**A.** On February 15, 2006.
**Q.** So it was a relationship between you and Frontenac with respect to H-E Parts, essentially, constant and from the early beginnings of this idea of H-E Parts in the first quarter of 2005 before February 16th of 2005 all the way up through February 16th of 2006?
**A.** No. I'll say no.
**Q.** Tell me --
**A.** And the big change came when, essentially, Laura Pearl, who had been at Frontenac for 20 years, announced that she was leaving, and she was

Page 130

essentially offered to me -- I mean, it was just a blessing to me as an extra pair of hands to help me with the financial modeling, you know, to make sure that whatever letter of intent written would be meeting, so there would not be unnecessary work to be done.
So she was just a very convenient -- she had nothing else to do at the time. She was -- by the way, started a private equity firm with another woman. She was a very dedicated person, and that made a very big difference because she started really -- I mean, frankly fulfilled what I was missing there. I did not ever see her before that time.
**Q.** The way you describe that, that doesn't sound like her providing assistance to you changed your relationship with Frontenac Company, or did it?
**A.** No, it didn't -- what do you mean "change"? It did provide me some additional help that you might relate to Frontenac, but it had nothing to do with my formal legal relationship with Frontenac. There was none, zero, zilch.
**Q.** In one of your answers early on I think you stated that in February of 2005, you were completely independent of Frontenac as to H-E Parts

Page 131

International?
**A.** Correct.
**Q.** When did that complete independence from Frontenac change?
**A.** On February 15, 2006, without any doubt in my mind in answering your question.
**Q.** Okay.
**A.** At any time on February 14th, I could have jumped the gun, or I could have been told by Frontenac, "Sionara," without a single penny of compensation coming from them.
**Q.** So the extent to which you and your -- let me step that back. I believe you testified that when you had your conversation with Gero Meyersiek in 2005, you were not speaking for Frontenac. Is that your testimony?
**A.** Absolutely.
**Q.** And is it your testimony that when you went to visit Dom-Ex for the first time with Gero Meyersiek in 2005, you were not speaking for Frontenac?
**A.** Absolutely.
**Q.** Is this true: All the way through the year 2005, the extent to which you did or did not speak for Frontenac, relative to H-E Parts, was the

Page 132

same?
**A.** Absolutely.
**Q.** No change in the relationship between you and Frontenac with respect to your speaking for Frontenac at all --
**A.** Until --
**Q.** You have to let me finish -- throughout the year 2005. Is that your testimony?
**A.** Can I add until February 14th?
**Q.** Yes.
**A.** Absolutely. No change whatsoever.
**Q.** So --
**A.** That's why I don't know why I'm here.
**Q.** So to the extent an e-mail or a communication in September of 2005 -- just for an example -- illustrates the relationship between you and Frontenac, that relationship is exactly the same relationship that was in existence back in April of 2005?
**A.** Absolutely.
**MR. PRIGNANO:** Note my objection.
(Plaintiff's Exhibit 24 and 25 were marked for identification.)
**Q.** (By Mr. Prentiss) Exhibits 24 and 25 -- 24 is Bates RIC 466 through 472 and that is 497

# EXHIBIT II

## RESPONSE TO REQUEST FOR ADMISSIONS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK | : | |
| | : | |
| v. | : | C. A. No. 06-335T |
| | : | |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS, INTERNATIONAL, INC. | : | |

**REQUEST FOR ADMISSION ADDRESSED TO FRONTENAC COMPANY**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Frontenac Company ("Frontenac") hereby responds to Plaintiff Gero Meyersiek's second set of requests for admissions as follows:

1. The document appended hereto as Exhibit A is a true, accurate, and authentic copy of a web page from the Frontenac website that was active as of November 30, 2005.

**RESPONSE:** Admitted.

2. The individual in the top row, second from the left, is J.P. Richard.

**RESPONSE:** Admitted.

3. The document appended hereto as Exhibit B is a true, accurate, and authentic copy of the Letter of Intent that was entered into between Dom-Ex, Inc., H-E Parts International, Inc., and Frontenac VIII Limited Partnership, by Frontenac Company VIII, L.L.C., general partner, by Frontenac VIII Partners, L.P, general partner.

**RESPONSE:** Admitted.

4. The activities of David Katz in interacting with J. P. Richard in connection with the business venture that became H-E Parts, International, Inc. were undertaken on behalf of Frontenac Company VIII, L.L.C.

**RESPONSE:** Admitted.

5. The activities of Laura Pearl in interacting with J. P. Richard in connection with the business venture that became H-E Parts, International, Inc. were undertaken on behalf of Frontenac Company VIII, L.L.C.

**RESPONSE:** Admitted.

6. Frontenac Company VIII L.L.C. is the general partner of Frontenac VIII Partners, L.P.

**RESPONSE:** Admitted.

7. Frontenac VIII Partners, L.P. is the general partner of Frontenac VIII Limited Partnership.

**RESPONSE:** Admitted.

8. David Katz is a member of Frontenac Company VIII, L.L.C.

**RESPONSE:** Frontenac admits that David Katz was a member of Frontenac Company VIII, LLC until January 15, 2006.

9. Laura Pearl is a member of Frontenac Company VIII, L.L.C.

**RESPONSE:** Frontenac admits that Laura Pearl was a member of Frontenac Company VIII, LLC until December 31, 2005.

FRONTENAC COMPANY

By its attorneys,

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February, 2007 I mailed a copy of the within document via first class mail to the following counsel of record:

R. Daniel Prentiss, Esq.
R. Daniel Prentiss P.C.
One Turks Head Place, Suite 380
Providence, RI 02903

# EXHIBIT III

## SUPPLEMENTAL AFFIDAVIT OF GERO MEYERSIEK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK | : | |
| v. | : | C. A. No. 06-335T |
| JEAN PAUL RICHARD, FRONTENAC COMPANY and H-E PARTS, INTERNATIONAL, INC. | : | |

**SUPPLEMENTAL AFFIDAVIT OF GERO MEYERSIEK**

Gero Meyersiek, on oath, makes affidavit and testifies as follows:

1. I am Gero Meyersiek. I reside at 1285 Waterford Drive, East Greenwich, Rhode Island. I am the plaintiff in the above-entitled action. I give this affidavit on personal knowledge.

2. To clarify the statement I made at Paragraph 6 of my previous affidavit submitted in this matter, I was at my home in Rhode Island in December, 2004, when I spoke to Mr. Richard by telephone concerning the new Frontenac business venture. Mr. Richard placed the call to me. I believe that I had had no contact with him since the conclusion of our earlier discussions in 2003.

3. I was also at my home in Rhode Island when I had my further telephone conversation with Mr. Richard in January, 2005. I believe that I placed this call to Mr. Richard.

4. I performed essentially all of my work on the Frontenac venture during 2005 from my home and office in Rhode Island. During

these months, I was in regular, frequent communication, by telephone, fax, and e-mail, with Mr. Richard. Our e-mail exchanges were often several times per day. We spoke by telephone usually at least once per day unless Mr. Richard was traveling.

Gero Meyersiek

Subscribed and sworn to before me, this 26th day of June, 2008, by Gero Meyersiek, to me known, and known by me to be the person executing the foregoing affidavit.

ELIZABETH NEHME
Notary Public
MY Commission Expires
10/2/09