UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK,<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD,<br>FRONTENAC COMPANY,<br>H-E PARTS INTERNATIONAL, INC.,<br>FRONTENAC COMPANY VIII, LLC,<br>FRONTENAC VIII PARTNERS, L.P., and<br>FRONTENAC VIII LIMITED<br>PARTNERSHIP<br><br>Defendants. | ) | C.A. No. 06-335-T |

**DEFENDANTS' ANSWER TO PLAINTIFF'S**
**<u>AMENDED COMPLAINT</u>**

Defendants Frontenac Company, Frontenac Company VIII, LLC, Frontenac VIII Partners, L.P., and Frontenac VIII Limited Partnership ("Defendants") hereby respond to the correspondingly numbered allegations of Plaintiff Gero Meyersiek's ("Plaintiff") Amended Complaint as follows:

**<u>Parties and Jurisdiction</u>**

1. Defendants deny that Plaintiff is a citizen. Defendants admit the remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2. Defendants admit that Richard is a citizen and resident of the State of Georgia. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Plaintiff's Amended Complaint and leave Plaintiff to his proof thereon.

3. Defendants admit that H-E Parts is a business entity organized under the laws of and having its principal place of business outside of Rhode Island. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Plaintiff's Amended Complaint and leave Plaintiff to his proof thereon.

4. Defendants admit that Frontenac is a business entity organized under the laws of and having its principal place of business outside of Rhode Island. Defendants deny the remaining allegations contained in Paragraph 4 of the Plaintiff's Amended Complaint.

5. Defendants admit that Frontenac Company VIII, LLC is a business entity organized under the laws of and having its principal place of business outside of Rhode Island. Defendants deny the remaining allegations contained in Paragraph 5 of the Plaintiff's Amended Complaint.

6. Defendants admit that Frontenac VIII Partners, LP is a business entity organized under the laws of and having its principal place of business outside of Rhode Island. Defendants deny the remaining allegations contained in Paragraph 6 of the Plaintiff's Amended Complaint.

7. Defendants admit that Frontenac VIII Limited Partnership is a business entity organized under the laws of and having its principal place of business outside of Rhode Island. Defendants deny the remaining allegations contained in Paragraph 7 of the Plaintiff's Amended Complaint.

8. The allegations in Paragraph 8 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

**Facts**

9. Defendants admit that Frontenac is in the private equity business and engages in the accumulation of private equity funds from investors that it in turn uses to make equity investments in a company or companies. Defendants further admit that Frontenac seeks to make a profit on its investments. Defendants deny the remaining allegations in Paragraph 9 of the Amended Complaint.

10. Defendants are without knowledge as to Plaintiff's allegation that Frontenac Partners was formed to facilitate the investment in Frontenac VIII Limited Partnership by Frontenac "insiders." Defendants admit the remainder of the allegations in Paragraph 10 of the Amended Complaint.

11. Defendants are without knowledge as to Plaintiff's allegation that Frontenac LLC was formed to facilitate the investment in Frontenac VIII Limited Partnership by Frontenac "insiders." Defendants admit the remainder of the allegations in Paragraph 11 of the Amended Complaint.

12. The allegations in Paragraph 12 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

14. Defendants admit the allegations contained in the first sentence of Paragraph 14 of the Plaintiff's Amended Complaint. Defendants admit that Richard has done business with

Frontenac and served as CEO in one or more businesses in which Frontenac has invested funds. Defendants deny the remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendants admit that, in 2003, Richard was an executive of a business entity in Atlanta, Georgia in which Frontenac was the majority shareholder. Defendants further aver that said business entity had no connection or relationship to Meyersiek or the proposed Parts-Zone venture. Defendants further admit that, upon information and belief, Richard discussed with Meyersiek a proposed business plan for Parts-Zone, which would include contacting major original equipment manufacturers and attempts to convince them to sell slow-moving parts with the intent to resell them and provide better service. Defendants further aver that during these discussions, Richard was only acting as an advisor to Frontenac and not as an agent or representative of Frontenac. Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendants admit that Frontenac, Richard and Plaintiff had discussions during 2003 regarding a proposed Parts-Zone venture. Upon information and belief, Defendants admit that Richard communicated on a few occasions with Plaintiff regarding Parts-Zone. Defendants deny the remaining allegations in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendants admit that a deal was never consummated with respect to Parts-Zone and that, upon information and belief, Richard indicated to Meyersiek that he and Meyersiek should stay in touch. Defendants deny the remaining allegations asserted in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Defendants admit that Richard accepted a letter of intent relating to Dom-Ex that was prepared by Frontenac. Defendants further admit that Richard executed a letter of intent between Dom-Ex, himself, Frontenac, and H-E Parts. Defendants deny the remaining allegations in Paragraph 32 of the Amended Complaint.

33. Defendants admit that Frontenac and Richard participated in an acquisition of Dom-Ex and formation of H-E Parts in February, 2006. Defendants deny the remaining allegations in Paragraph 33 of the Amended Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Amended Complaint. Defendants further deny that any contract ever existed between the parties.

35. Defendants admit that Plaintiff was not provided employment or a four percent equity interest in H-E Parts. Defendants deny that any contract ever existed between Plaintiff and Richard or Frontenac with regard to Plaintiff, and deny the remaining allegations in Paragraph 35 of Plaintiff's Amended Complaint.

**COUNT I**

36. Defendants restate their responses to Paragraphs 1 through 35 of Plaintiff's Amended Complaint as if fully set forth herein.

37. Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

**COUNT II**

39. Defendants restate their responses to Paragraphs 1 through 38 of Plaintiff's Amended Complaint as if fully set forth herein.

40. Defendants deny the allegations in Paragraph 40 of the Amended Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Amended Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Amended Complaint.

**COUNT III**

43. Defendants restate their responses to Paragraphs 1 through 42 of Plaintiff's Amended Complaint as if fully set forth herein.

44. Defendants deny the allegations in Paragraph 44 of the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The claims in Plaintiff's Amended Complaint are barred in whole or in part by the doctrines of waiver and estoppel and should be dismissed in their entirety.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint is barred in whole or in part by the statute of limitations and laches and should be dismissed in their entirety.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail on account of the failure to satisfy one or more conditions precedent to the existence of a valid and binding agreement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of privity of contract between Plaintiff and Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of an agency relationship between Richard and Defendants with respect to the alleged formation of an agreement to provide Meyersiek with employment with, and an ownership interest in, H-E Parts.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's contractual claims are barred by the statute of frauds.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's contractual claims fail because Richard lacked the requisite authority to enter into any contractual agreement on behalf of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because he lacked the requisite qualifications to become employed by H-E Parts.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by Plaintiff's failure to disclose material facts to Defendants regarding the formation of any alleged contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

To the extent that any contract was formed between the parties, said contract is void or voidable at the election of Defendants as a result of misrepresentation on the part of Plaintiff.

WHEREFORE, Defendants Frontenac Company, Frontenac Company VIII, LLC, Frontenac VIII Partners, L.P., and Frontenac VIII Limited Partnership request that this Court dismiss the claims in Plaintiff Gero Meyersiek's Amended Complaint with prejudice.

FRONTENAC COMPANY,
FRONTENAC COMPANY VIII, LLC,
FRONTENAC VIII PARTNERS, L.P., and
FRONTENAC VIII LIMITED
PARTNERSHIP

By their Attorneys,

/s/ Stephen M. Prignano
/s/ Raymond M. Ripple

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 6, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple