UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK,<br><br>Plaintiff,<br><br>v.<br><br>JEAN PAUL RICHARD,<br>FRONTENAC COMPANY,<br>H-E PARTS INTERNATIONAL, INC.,<br>FRONTENAC COMPANY VIII, LLC,<br>FRONTENAC VIII PARTNERS, L.P., and<br>FRONTENAC VIII LIMITED<br>PARTNERSHIP<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-335T |

**DEFENDANT JEAN PAUL RICHARD'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Jean Paul Richard ("Richard") hereby responds to the correspondingly numbered allegations of Plaintiff Gero Meyersiek's ("Plaintiff") Amended Complaint as follows:

**Parties and Jurisdiction**

1. Richard denies that Plaintiff is a citizen. Richard admits the remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2. Richard admits that he is a citizen and resident of the State of Georgia. The remaining allegations in Paragraph 2 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

3. The allegations in Paragraph 3 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

4. The allegations in Paragraph 4 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

5. The allegations in Paragraph 5 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

6. The allegations in Paragraph 6 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

7. The allegations in Paragraph 7 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

8. The allegations in Paragraph 8 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

## Facts

9. Upon information and belief, Richard admits that Defendant Frontenac Company ("Frontenac") is in the private equity business and engages in the accumulation of private equity funds from investors. Richard denies that H-E Parts is a subsidiary of Frontenac. Richard is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 9 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

10. Richard is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

11. Richard is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

12. Richard denies the allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint

13. Richard is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

14. Richard admits the allegations contained in the first sentence of Paragraph 14 of the Plaintiff's Amended Complaint. Richard admits that he has done business with Frontenac and served as CEO in one or more businesses in which Frontenac has invested funds. Richard denies the remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. Richard admits that in 2003 he was an executive of a business entity in Atlanta, Georgia in which Frontenac was the majority shareholder, and further avers that said business entity had no connection or relationship to Meyersiek or the proposed Parts-Zone venture. Richard further admits that he discussed with Plaintiff a proposed business plan for Parts-Zone, which would include contacting major original equipment

manufacturers and attempt to convince them to sell slow-moving parts with the intent to resell them and provide better service. Richard further avers that in his discussions with Meyersiek concerning Parts Zone, he was acting only as an advisor rather than as an agent or representative of Frontenac. Richard admits that Parts-Zone was seeking to become a distributor of replacement parts for equipment that was typically no longer in production by its original manufacturer. Richard admits that as part of this endeavor, he and Plaintiff contemplated obtaining funding from Frontenac. Richard denies the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16. Richard admits that he and Plaintiff had discussions during 2003 regarding a proposed Parts-Zone venture. Richard further admits that he communicated on a few occasions with Plaintiff by electronic mail, telephone, and regular mail, and that he met with Plaintiff in Atlanta, Georgia, on one occasion regarding Parts-Zone. Richard is without knowledge of information sufficient to form a belief as to the remaining allegations in Paragraph 16 of Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

17. Richard admits that a deal was never consummated with respect to Parts-Zone and that Richard indicated to Meyersiek that he and Meyersiek should stay in touch. Richard denies the remaining allegations asserted in Paragraph 17 of Plaintiff's Amended Complaint.

18. Richard admits that in December 2004 he contacted Plaintiff at his office in Rhode Island. Richard further admits that he informed Plaintiff that the business in which he was Chief Executive Officer was in the process of being sold. Richard admits that he told Meyersiek that he (Richard) was interested in possibly pursuing a new venture in the

parts business. Richard denies the remaining allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19. Richard admits that he discussed with Meyersiek in early 2005 the development of a venture that had a very different business model than Parts-Zone. Richard avers that the new business venture was a concept originated by Richard in his individual capacity. Richard denies the remaining allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20. Richard admits that Plaintiff performed various administrative tasks with respect to the identification of potential businesses that Richard may have been interested in acquiring, including the compilation of a list of potential targets, and industry research on Dun and Bradstreet database. Richard denies the remaining allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint.

21. Richard admits that he discussed the formation of a new business entity with Plaintiff and that Richard stated that he (Richard) would form the new business entity and seek financing from Frontenac or from another private equity company. Richard denies the remaining allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Richard denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Richard denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Richard denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Richard denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. Richard admits that he communicated with Plaintiff by electronic mail and telephone calls to and from Plaintiff in Rhode Island. Richard denies the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Richard denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. Richard denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. Richard admits that Meyersiek assisted in the preparation of certain documents in connection with Richard's efforts to identify potential business opportunities and denies the remaining allegations contained in Paragraph 29 of Plaintiff's amended Complaint.

30. Richard admits that Meyersiek performed certain administrative tasks in connection with research into an entity known as Dom-Ex and denies the remaining allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Richard admits that Plaintiff typed a non-disclosure agreement for Dom-Ex, but denies that he prepared or drafted said non-disclosure agreement and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. Richard admits that he signed a letter of intent concerning Dom-Ex and that said letter of intent was executed without the inclusion of Plaintiff. Richard further avers

that Meyersiek was not involved in the negotiations with Dom-Ex and denies the remaining allegations contained in Paragraph 32 of the Plaintiff's Amended Complaint.

33. Richard admits that he and Frontenac participated in an acquisition of Dom-Ex and formation of H-E Parts in February, 2006. Richard denies the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Richard denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. Richard admits that Plaintiff was not provided employment or a four percent share in H-E Parts. Richard denies that any contract ever existed between Plaintiff and Richard or Frontenac with regard to Meyersiek and denies the remaining allegations in Paragraph 35 of the Amended Complaint.

**COUNT I**

36. Richard restates its responses to Paragraphs 1 through 35 of Plaintiff's Amended Complaint as if fully set forth herein.

37. Richard denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. Richard denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

**COUNT II**

39. Richard restates its responses to Paragraphs 1 through 39 of Plaintiff's Amended Complaint as if fully set forth herein.

40. Richard denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. Richard denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. Richard denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

**COUNT III**

43. Richard restates its responses to Paragraphs 1 through 42 of Plaintiff's Amended Complaint as if fully set forth herein.

44. Richard denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

The claims in Plaintiff's Amended Complaint are barred in whole or in part by the doctrines of waiver and estoppel and should be dismissed in their entirety.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint is barred in whole or in part by the doctrines of waiver and estoppel and should be dismissed in their entirety.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail on account of the failure to satisfy one or more conditions precedent to the existence of a valid and binding agreement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of privity of contract between Plaintiff and H-E Parts.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of an agency relationship between Richard and H-E Parts with respect to the alleged formation of an agreement to provide Meyersiek with employment with, and an ownership interest in, H-E Parts.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's contractual claims are barred by the doctrine of statute of frauds.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's contractual claims fail because Richard lacked the requisite authority to enter into any contractual agreement on behalf of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because he lacked the requisite qualifications to become employed by H-E Parts.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by Plaintiff's failure to disclose material facts to Defendants regarding the formation of any alleged contract.

WHEREFORE, Defendant Jean Paul Richard requests that this Court dismiss the claims in Plaintiff Gero Meyersiek's Amended Complaint with prejudice.

JEAN PAUL RICHARD

By his Attorneys,

/s/ Raymond M. Ripple
Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 9, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple