UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GERO MEYERSIEK, Plaintiff, | ) | |
| v. | ) | C.A. No. 06-335T |
| JEAN PAUL RICHARD, FRONTENAC COMPANY, H-E PARTS INTERNATIONAL, INC., FRONTENAC COMPANY VIII, LLC, FRONTENAC VIII PARTNERS, L.P., and FRONTENAC VIII LIMITED PARTNERSHIP Defendants. | ) | |

**DEFENDANT H-E PARTS INTERNATIONAL, INC.'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant H-E Parts International, Inc.'s ("H-E Parts") hereby responds to the correspondingly numbered allegations of Plaintiff Gero Meyersiek's ("Plaintiff") Amended Complaint as follows:

**Parties and Jurisdiction**

1. H-E Parts denies that Plaintiff is a citizen. H-E Parts admits the remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

2. H-E Parts admits that Richard is a citizen and resident of the State of Georgia. The remaining allegations in Paragraph 2 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

3. The allegations in Paragraph 3 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

4. The allegations in Paragraph 4 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

5. The allegations in Paragraph 5 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

6. The allegations in Paragraph 6 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

7. The allegations in Paragraph 7 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

8. The allegations in Paragraph 8 of Plaintiff's Amended Complaint call for a legal conclusion to which no responsive pleading is required. To the extent that any response is deemed required, said allegations are denied.

## Facts

9. Upon information and belief, H-E Parts admits that Defendant Frontenac Company ("Frontenac") is in the private equity business and engages in the accumulation of private equity funds from investors. H-E Parts denies that it is a subsidiary of Frontenac. H-E Parts is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in Paragraph 9 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

10. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

11. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

12. H-E Parts denies the allegations contained in Paragraph 12 of the Plaintiff's Amended Complaint

13. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

14. H-E Parts admits the allegations contained in the first sentence of Paragraph 14 of the Plaintiff's Amended Complaint. H-E Parts admits that Richard has done business with Frontenac and served as CEO in one or more businesses in which Frontenac has invested funds. H-E Parts denies the remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

16. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

17. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

18. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

19. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

20. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

21. H-E Parts is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Plaintiff's Amended Complaint and leaves Plaintiff to his proof thereon.

22. H-E Parts denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. H-E Parts denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. H-E Parts denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. H-E Parts denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

26. H-E Parts admits that he communicated with Plaintiff by electronic mail and telephone calls to and from Plaintiff in Rhode Island. H-E Parts denies the remaining allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. H-E Parts denies the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint.

28. H-E Parts denies the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint.

29. H-E Parts admits that Meyersiek assisted in the preparation of certain documents in connection with Richard's efforts to identify potential business opportunities and denies the remaining allegations contained in Paragraph 29 of Plaintiff's Amended Complaint.

30. H-E Parts admits that Meyersiek performed certain administrative tasks in connection with research into an entity known as Dom-Ex and denies the remaining allegations contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. H-E Parts admits that Plaintiff typed a non-disclosure agreement for Dom-Ex, but denies that he prepared or drafted said non-disclosure agreement and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. H-E Parts admits that Richard signed a letter of intent concerning Dom-Ex and that said letter of intent was executed without the inclusion of Plaintiff. H-E Parts further avers that Meyersiek was not involved in the negotiations with Dom-Ex and denies the remaining allegations contained in Paragraph 32 of the Plaintiff's Amended Complaint.

33. H-E Parts admits that Richard and Frontenac participated in an acquisition of Dom-Ex and formation of H-E Parts in February, 2006. H-E Parts denies the remaining allegations contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. H-E Parts denies the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. H-E Parts admits that Plaintiff was not provided employment or a four percent share in H-E Parts. H-E Parts denies that any contract ever existed between Plaintiff and Richard or Frontenac with regard to Meyersiek and denies the remaining allegations in Paragraph 35 of the Amended Complaint.

**COUNT I**

36. H-E Parts restates its responses to Paragraphs 1 through 35 of Plaintiff's Amended Complaint as if fully set forth herein.

37. H-E Parts denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. H-E Parts denies the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint.

**COUNT II**

39. H-E Parts restates its responses to Paragraphs 1 through 39 of Plaintiff's Amended Complaint as if fully set forth herein.

40. H-E Parts denies the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. H-E Parts denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint.

42. H-E Parts denies the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint.

## COUNT III

43. H-E Parts restates its responses to Paragraphs 1 through 42 of Plaintiff's Amended Complaint as if fully set forth herein.

44. H-E Parts denies the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

The claims in Plaintiff's Amended Complaint are barred in whole or in part by the doctrines of waiver and estoppel and should be dismissed in their entirety.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred in whole or in part by the statute of limitations and laches and should be dismissed in their entirety.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail on account of the failure to satisfy one or more conditions precedent to the existence of a valid and binding agreement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of privity of contract between Plaintiff and H-E Parts.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the lack of an agency relationship between Richard and H-E Parts with respect to the alleged formation of an agreement to provide Meyersiek with employment with, and an ownership interest in, H-E Parts.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's contractual claims are barred by the doctrine of statute of frauds.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's contractual claims fail because Richard lacked the requisite authority to enter into any contractual agreement on behalf of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because he lacked the requisite qualifications to become employed by H-E Parts.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by Plaintiff's failure to disclose material facts to Defendants regarding the formation of any alleged contract.

WHEREFORE, Defendant H-E Parts International, Inc. requests that this Court dismiss the claims in Plaintiff Gero Meyersiek's Amended Complaint with prejudice.

H-E PARTS INTERNATIONAL, INC.

By its Attorneys,

/s/ Raymond M. Ripple

Stephen M. Prignano (#3649)
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
sprignano@eapdlaw.com
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on September 9, 2008.

/s/ Raymond M. Ripple
Raymond M. Ripple